DELBERT WASMER, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 3, 1912.

1. NEGLIGENCE: Injured at Crossing. Plaintiff sued for damages for injuries to his wife who was struck by a train when she was crossing the railroad track, where it intersected a public street. Under the facts and circumstances shown in evidence, it is held that plaintiff could not recover.

2. EVIDENCE: Admission of Attorney: Opening Statement. Statements made by an attorney at the opening of the trial as to what he expects to prove, do not amount to admissions, they bind no one.

3. NEGLIGENCE: Public Crossing: Unlawful Rate of Speed. A pedestrian, who, while in a place of safety at a public street crossing, looked and saw a train approaching at thirty or thirty-five miles an hour, but took the chances and attempted to cross in front of it, is not entitled to recover, notwithstanding the train was running at an unlawful rate of speed.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

REVERSED.

*Martin S. Clardy* and *Edward J. White* for appellant.

*H. J. Latshaw* and *Jesse E. James* for respondent.

BROADDUS, P. J.—This is a suit to recover damages the plaintiff alleges he sustained by reason of an injury inflicted upon his wife by the negligence of the defendant. The plaintiff's wife was struck and injured by one of defendant's freight trains on the 17th day of March, 1908, at or near Crystal avenue in Kansas City, Missouri.

The plaintiff in his petition alleges in one count that the injury was the result of defendant's failure to comply with an ordinance of the city regulating the speed of trains passing over its streets. In the second count of his petition the plaintiff seeks to recover on the humanitarian theory that defendant's engineer saw or could have seen his wife on the defendant's track in time to have avoided injuring her had he exercised ordinary diligence.

The cause was submitted to the jury under the humanitarian doctrine. The jury returned a verdict for plaintiff for $3750. From the judgment rendered on the verdict defendant appealed.

The plaintiff's wife was struck at a grade crossing of Fifteenth street and Crystal avenue. Fifteenth street is one of the chief thoroughfares of Kansas City and is much used by vehicles and pedestrians, and trains are constantly passing over the crossing where the injury occurred. The defendant's train was going north. Plaintiff's wife was approaching the defendant's tracks at the crossing on the sidewalk on the north side of Fifteenth street. At a point about seventy feet west of the main track where she was injured she spoke to a Mr. Cassell as she passed him, who was going in the same direction, but had stopped to talk to some one. Cassell, who was a witness in the case, testified that she continued on her walk and when he last saw her she was from five to ten feet from the defendant's main track. She was struck by the engine and knocked to the east side of the track. In her strug-

gle she came in contact with the train and was struck the second time.

A witness by the name of Glasscock testified that the train in question, when he first saw it, was six or eight hundred yards down the track. It seems that just then he went into a water closet and when he came out he noticed the engine going by—the engineer was looking back with his hand on the throttle. He then saw the woman, plaintiff's wife, lying close to the track; that he started after her, but just before he reached her she was "coming to—flounced around" and the "grease box of the wheels struck her;" that he grabbed her by the foot and pulled her away. It was the opinion of this witness that when he first saw the train coming its rate of speed was eight or ten miles an hour, that it was the opinion of this and all the other witnesses that at the time it struck plaintiff's wife it was going at the rate of from eighteen to thirty miles an hour. All the other witnesses also testified that the train could be seen for a long distance, while approaching, by a person near the track. The plaintiff's wife seems to have been struck after she had gotten nearly across the tracks, as she was found on the east side. It was shown that there was a station near the point in controversy, and that the train gave the whistle as it approached it. But the evidence went to show that there was no signal given just before the plaintiff's wife was struck; and that there was no slackening of the speed of the train.

The evidence showed that the speed of the train could have been slackened, at the rate of speed it was going, in fifty feet, and reduced to one-half its speed in 150 feet. Cassel stated that he did not attempt to pass before the approaching train because he did not think he had time to do so. Plaintiff's wife, it seems, was in a hurry to get home to her baby. There can be no doubt but what she saw the on-coming train and knew, as every one else did, that it was coming

at a somewhat rapid rate of speed. There was no evidence introduced on the part of defendant.

After plaintiff's counsel had made his statement to the jury the defendant moved the court to direct a verdict for it on the ground that, admitting the statement to be true, the plaintiff was not entitled to recover. The court overruled the motion.

During the trial plaintiff introduced his wife, and, over the objection of defendant, offered to prove certain facts pertaining to the manner in which she was injured. She was not allowed to testify.

Numerous errors are assigned by the appellant as grounds for a reversal of the judgment. It is insisted that: "The court should have directed a verdict for defendant on the opening statement of plaintiff's counsel to the jury, for the reason that the plaintiff's counsel in his opening statement to the jury, stated a case of contributory negligence on the part of plaintiff's wife, sufficient to prevent a recovery, and upon the facts stated by plaintiff's counsel, the humanitarian doctrine would not apply to this case." The appellant relies on the ruling in Pratt v. Conway, 148 Mo. 291, to sustain its position, but we do not believe it does. It is there held the admission of the existence of certain facts made by the counsel in the case was binding on his client, and such is the general rule. But the question here is far different. The statement of plaintiff's counsel did not amount to an admission of the facts stated. It was only a statement of what the plaintiff's counsel expected to prove to sustain his cause of action. In such instances the rule is that: "Statements made by an attorney at the opening of the trial as to what he expects to prove, do not amount to admissions, they bind no one." [Russ v. Ry. Co., 112 Mo. 45; Fillingham v. Transit Co., 102 Mo. App. 573.]

Appellant's principal contention is that plaintiff was not entitled to recover on the testimony. If we

are to assume that, because it was shown that the engineer could have seen plaintiff's wife as she approached the track, and that the engineer could then have slackened the speed of his train in time to have prevented the engine from striking her before she got across the track, the defendant was guilty of violating the humanitarian rule, then plaintiff was entitled to recover. But we do not think these facts bring the case within the rule. The mere fact that a person is seen to approach a railroad track at a public crossing while a train is approaching is no evidence that he is going to place himself in danger if he can see and hear the train. On the contrary, the expectation is that he will stop until the train passes. But if he should continue, heedless of the danger, and get upon the crossing and get injured, it is his fault and he must suffer the consequences. This is the general rule. But the law has wisely provided that notwithstanding a person may go upon a public crossing while a train is approaching and thus be guilty of negligence, yet, if the engineer sees or by the exercise of reasonable diligence can see that the person is unaware of his danger, it is his duty to stop or slacken the speed of the train so as to prevent striking him, if he has time to do so by the exercise of reasonable diligence.

Tested by this rule, it seems to us plaintiff has failed to make out a case. There is no doubt but what the defendant's engineer saw the plaintiff's wife as she approached the track and when she was from seven to ten feet from it. But how was he to know that she would not stop before she got onto the tracks? He had the right to conclude that she would. If she approached nearer and there was anything in her conduct to apprise him of the fact that she did not know of her danger he should have acted promptly to have saved her. But no one saw her afterwards. All we know is that she continued to advance and was struck after she had gotten almost entirely over the tracks

and out of danger. Just how far the train was away when she was about to enter upon the tracks no witness could tell, as none saw her at that time. Notwithstanding the train could have been checked sufficiently in fifty feet at the rate of speed it was going to have avoided striking the woman, the evidence is lacking to show where the train was at the time she was about to enter upon the tracks, whether fifty feet, or more or less. If less than fifty feet, the engineer could not have avoided striking her. Also there is nothing to show at what rate of speed the woman was traveling. Persons on such occasions usually go rapidly, and the most reasonable supposition is that plaintiff's wife was aware of the approaching train and its near proximity, and that she moved rapidly in her effort to pass over the tracks. This view of the case is strengthened from the fact that she told some one that she must hurry and get home to her baby.

The plaintiff's attorney seemed to have realized the uncertainty of the cause and, for the purpose of strengthening it, offered the wife as a witness to testify to the manner in which she was injured.

It seems to us the case falls within the rule applied in Laun v. Railroad, 216 Mo. 563, where it is held that the pedestrian, who, while he was in a place of safety at a public street crossing, did look and saw a train approaching at a speed of thirty or thirty-five miles an hour, but took the chances, and hurrying attempted to cross in front of it, was not entitled to recover, notwithstanding the train was running at a unlawful rate of speed. It is there said that a railroad track is a signal of danger, and a pedestrian cannot carelessly attempt to cross the same at a public crossing without using some care for his own protection. As the plaintiff was not entitled to recover upon his evidence there is no necessity for considering the other assignments of error. Reversed. All concur.