## No. 9794.

### MORGAN v. HOWARD REALTY COMPANY.

1. REAL ESTATE BROKER—*When Entitled to Commission.* Where under employment of the owner he effects a sale, or is the moving cause of one effected by the owner.

So where a sale is frustrated by the employer.

2. VENDOR AND PURCHASER—*Contract Construed.* "A proper abstract of title" must be held to be an abstract showing a merchantable title. Where the employment is exclusive in terms, the owner cannot negotiate a sale on other terms than those prescribed to the broker and defeat the broker's commission.

A pending leasehold estate is included in a contract for the sale of the fee.

3. CONTRACTS—*Oral Negotiations,* preceding or accompanying the execution of an agreement in writing merge therein.

*Department One.*

*Error to Bent District Court, Hon. A. F. Hollenbeck, Judge.*

Mr. ALLEN M. LAMBRIGHT, for plaintiff in error.

Mr. H. G. BELL, Mr. ALLYN COLE, for defendant in error.

Mr. Justice Burke delivered the opinion of the court.

THE parties will hereinafter be designated as in the court below where the Realty Company was plaintiff and the plaintiff in error was defendant.

The plaintiff was a co-partnership engaged in the business of selling real estate on commission.  On September 6, 1917, defendant entered into a contract with plaintiff by which it was authorized "to sell the following described premises, the same to remain exclusively in their hands for sale," with an agreement to pay five per cent commission on the price agreed upon.  The contract further provided that the commission would be paid "if the sale is affected during said period" (i. e. the period for which it was listed). * * * "proper abstract of title will be furnished the buyer by me, * * *.  Encumbrance on the property $3,000.  Price $90.  Terms cash $2,500."  October 10, 1917, defendant and one Paul Albert Guder entered into a contract of sale of the premises in question by which defendant agreed "to convey to said party of the second part, in fee simple, by good and sufficient warranty deed" the property in question  * * *  "said premises to be free and clear of all liens, encumbrances and taxes."  The purchase price mentioned in the contract was $13,600, of which $20 was paid down, $5,000 to be paid on or before November 10, 1917, $8,580 on or before six years from date.  The contract recited that Guder "has given three promissory notes," for the deferred payments.  This contract makes no provision for any election or forfeiture by the purchaser but it does provide that in case he fails to comply with any of its terms it "shall be forfeited and determined at the election of said party of the first part."

Plaintiff alleges that it fully complied with the terms of the listing contract and asks judgment for its commission, $680.  Defendant alleges that the sale was a conditional one, the conditions being that the $5,000 payment should be made on November 10, 1917, and security for the balance delivered on that date, and that one Stephens, a tenant, under a lease expiring March 1, 1919, would consent

to deliver up possession of the land upon consummation of the contract; that the tenant refused to so surrender, whereupon Guder failed and refused to consummate the agreement and it was abandoned. The new matter in the answer is denied by replication. The cause was tried to a jury which returned a verdict for plaintiff for $680. Motion for new trial having been filed and overruled judgment was entered on the verdict. From that judgment defendant brings error and the cause is now before us on his application for a supersedeas.

Burke, J., after stating the case as above.

That the purchaser Guder was plaintiff's client is established by the evidence and there is neither proof, nor offer of proof, to the contrary. That he was ready, willing and able to buy upon terms satisfactory to the owner is established by the fact that they entered into a contract of sale which could only be avoided by the default or consent of defendant himself.

Two defenses only are urged against this claim for commission which require our consideration. The first is that the contract made by plaintiff with the purchaser was not the contract which he was authorized to make; the second that the contract of sale was conditional and that the conditions were never met. "When property is put into the hands of a real estate agent for sale and he directly negotiates one, or is the moving cause by which one is effected, either by himself or the owner, the authorities agree that he is entitled to his commission." *Leonard v. Roberts,* 20 Colo. 88, 91; 36 Pac. 880.

The same is true "although no sale was in fact concluded, if the failure to effect one was the fault of the principal." *Perkins v. Russell,* 56 Colo. 120, 126; 137 Pac. 907. It will not defeat the claim for commission that the owner himself closed a contract with the broker's client upon terms slightly differing from those quoted the broker or that he failed to contract, or to enforce his rights under a contract in fact executed, where the parties are brought together and the trade effected by the agency of the broker. *Finnerty*

*et al v. Fritz*, 5 Colo. 174, 179. *Howe v. Werner*, 7 Colo.
App. 530; 44 Pac. 511. "It is sufficient if the party desir-
ing to trade his property for another solicits the services
of a broker who finds a person willing and able to make
the exchange and brings the parties together who there-
upon enter into negotiations which they ultimately conclude
though on terms somewhat varying from those expressed
in the original proposition. The broker thereby earns his
compensation." *Knowles v. Harvey*, 10 Colo. App. 9, 11,
52 Pac. 46.

Defendant's contention that the execution and delivery
of the contract of sale was conditional cannot in the face
of this record be maintained. If there was in fact outstand-
ing a leasehold interest in the property in question, that
leasehold interest was included in the listing contract; first
because it was not excluded, and second because defendant
thereby agreed to furnish a "proper abstract of title," which
must be held to be an abstract showing a marketable title.
Such leasehold interest was also included in the Guder con-
tract of sale. The title to be conveyed thereunder being one
"in fee simple, by good and sufficient warranty deed * * *
free and clear from all liens, incumbrances and taxes." De-
fendant sought to show that prior to the execution and de-
livery of this contract of sale it was orally understood and
agreed that such a title should be transferred by defendant
only in the event he could procure the leasehold interest.
"All oral negotiations or stipulations between the parties
which preceded or accompanied the execution of the instru-
ment are to be regarded as merged in it." *Randolph et al
v. Helps et al,* 9 Colo. 29, 33; 10 Pac. 245.

If such an oral agreement was in fact made it was con-
trary to the written agreement and the offer of evidence to
support it was properly excluded. "The language of a con-
tract is the agreed repository of the intention of the parties,
and from it, when free from ambiguity, they cannot be al-
lowed to appeal to the less certain testimony of witnesses."
*Randolph v. Helps, supra.*

In addition to the foregoing it might be observed that un-
der the listing contract the presumption was that the seller

would deliver possession. That contract was exclusive and, without terminating it as therein provided, the owner could not negotiate a sale on other terms and defeat the broker of his commission. Under the terms of the contract of sale defendant could have enforced it by an action for specific performance. He could not therefore by his election to forfeit the contract avoid payment of the commission.

For the reasons above stated the supersedeas is denied and the judgment affirmed.

Garrigues, C. J., and Teller, J., concur.