## CZELLATH v SCHAUB, et

Ohio Appeals, 9th Dist, Lorain Co
No 538.   Decided Oct. 21, 1930

Fauver & Fauver and Stevens & Stevens, all of Elyria, for Czellath.

G. A. Resek and Meyer Gordon, both of Lorain, for Schaub, et.

WASHBURN, J.

The law is well settled, as we have so many times in opinions stated, that upon such a motion the court is called upon to determine a legal question only and in so doing is not permitted to weigh evidence or determine any fact whatsoever. The court is required to assume that everything that is said in the opening statement is true and that every reasonable inference that may be drawn from what is said is true, leaving for the court to determine only whether such facts and inferences, un-explained, undenied and unaffected by any other facts, entitle the plaintiff to a judgment in law.   If there is an inconsistency in the statement, the court may not disregard that part of the statement favorable to the plaintiff's right to recover.

In making the opening statement in this case, counsel for the plaintiff, after reading in full the petition filed in the case, said that the defendants employed the plaintiff to sell their farm "or trade it for Cleveland property" and that plaintiff undertook to perform such service and brought to the defendants certain persons who desired to trade their property for defendants' farm, and that at a subsequent meeting of the parties, after considerable negotiation, in which negotiation plaintiff was acting as the agent of both parties, with the full knowledge and consent of both parties, an agreement was made by which they were to exchange properties; that said agreement was reduced to writing, and after being read over and fully understood by the parties, was signed by them; that in said contract the defendants in writing especially acknowledged the plaintiff as the broker in the transaction and agred to pay the plaintiff the amount sued for as a real estate commission, and that plaintiff had performed all the conditions of his contract with the defendants.

Plaintiff then closed the opening statement, and if the ruling of the court had been made upon the statement thus far made we are clearly and unanimously of the opinion that the court was without power to direct a verdict against the plaintiff.   The petition was read as the claim of the plaintiff and the claim was explained and amplified, and if all that was said to the jury, construed most favorably to the plaintiff, was true, and no defense thereto was made, the defendants would not be entitled to a judgment in their favor.

But at this point in the proceedings, counsel for the defendants stated that he desired to make a motion for a directed verdict and requested that the written contract of exchange referred to in the statement be read as a part of the statement, and counsel for the plaintiff consented to said request and read said contract as a part of the opening statement.

The motion to direct a verdict was then made and sustained.

It is apparent that the court reached the conclusion that was reached solely because there were provisions in the contract which

the court construed to be inconsistent with a part of the statement theretofore made by counsel for plaintiff.

The only reasonable inference to be drawn from what had theretofore been said was that defendants, owning a farm which they were anxious to dispose of in order to acquire property in Cleveland, employed plaintiff to negotiate a trade of defendants' farm for Cleveland property, for which services they agreed to pay plaintiff, and that plaintiff had performed that service.

By the reading of the contract the court's attention was called to the fact that in the written contract defendants agreed to pay plaintiff the sum stipulated "as his real estate commission for the services performed in bringing about the sale of said property," and to certain provisions of said contract which indicated that the minds of the parties had not met upon some of the essential terms thereof. From a consideration of the terms of said contract the court found that "a sale of said property" was not brought about by the plaintiff and that the plaintiff had not performed the services which he said he expected to prove he had performed.

We are clearly of the opinion that in reaching said conclusion the court, instead of taking everything that was said in the opening statement as true, together with all reasonable inferences to be drawn therefrom, weighed the evidence and considered the merits of the case, which he had no right to do on such a motion.

We are likewise bound, and our conclusion has no relation to or bearing upon the merits of the controversy between these parties.

The judgment is therefore reversed for error in directing a verdict, and the cause remanded for further proceedings according to law.

Funk, PJ, and Pardee, J, concur.