No. 13,137.

ROCK RIVER INVESTMENT COMPANY *v.* MOUNTAIN FINANCE CORPORATION.

(31 P. [2d] 914)

Decided March 26, 1934. Rehearing denied April 23, 1934.

540

Mr. A. L. DOUD, Mr. BENJAMIN GRIFFITH, for plaintiff in error.

Mr. LOUIS A. HELLERSTEIN, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE object of this action by plaintiff Mountain Finance Corporation against the defendant Rock River Investment Company is the recovery of the sum alleged to be due on defendant's promissory note to the order of plaintiff as payee which amounted to about $20,000 when the complaint was filed. To this complaint the defendant Rock River company filed its answer in which it admitted execution and delivery of the note to plaintiff and affirmatively alleged that such delivery was not absolute but, on the contrary, the note was given and delivered on condi-

tion that it should be paid only by and out of certain dividends which thereafter might be declared and paid to the defendant by the Central Savings Bank and Trust Company of Denver and not otherwise; and that no such dividends were ever declared or paid to the defendant and that said note was so accepted by the plaintiff with knowledge of such condition. The replication denied the affirmative allegations of the answer. At the close of the opening statement of the defendant's counsel the trial court, on plaintiff's motion, directed a judgment for plaintiff in the sum prayed for. Apparently the learned trial judge, inter alia, deemed that the admitted allegations of an answer are not to be taken into account in passing upon such a motion for a directed verdict. The authorities hereinafter cited declare a motion for a directed verdict or, as here, for a directed judgment, based on the opening statement alone, should not be granted unless exceptional circumstances, not present in this record, imperatively require it. The answer of the defendant, if any, should also be considered and if the two combined state a good defense on their face, it was for the jury to determine the facts.

This record presents an unusual situation. Mr. Doud, one of defendant's counsel, made the opening statement for his client. Several times during this statement, Mr. Hellerstein, attorney for the plaintiff, interrupted Doud with various objections, some of which were to the effect that his statements were not justified by the pleadings. Apparently these frequent interruptions disconcerted Doud and interfered with his ability satisfactorily, either to himself or to the trial judge, to outline the case which he desired to present to the jury. However that may be, and although there may be some uncertainties or ambiguities in Doud's statement of the facts in the case which he considered he would be able to establish, still we think the trial court was not justified, upon such statement alone, in its direction to the jury to return a verdict for the plaintiff for the full

amount of its claim. It is also our conclusion, after a careful reading of the record, that the trial judge would not have rendered judgment for the plaintiff upon its motion, were it not that he erroneously concluded from Doud's opening statement that there would not be produced any evidence that the alleged condition of the note sued on would or could be established by competent evidence.

The record, however, clearly shows that the judge was in error in concluding that the alleged agreement as to conditional payment of the note was not made at the time of its execution but at a prior date. It is true that in the course of Doud's opening statement he did say that the agreement of the parties to the note as to conditional payment was made before the note was executed; but he also said just as clearly and emphatically, and repeated the statement, that the agreement as to the conditional payment of the note was made at the very time the note itself was executed.

For our present purpose, therefore, let it be conceded that defendant's attorney said the agreement as to conditional payment was made prior to the execution and delivery of the note. It is just as certain that he also said that it was made at the very time the note was signed and delivered. It was error, therefore, for the court to direct a verdict for plaintiff in such circumstances. Even if there be, as here, two inconsistent statements of an essential fact, it is not for the trial judge, on a motion for a directed verdict, to pass upon the facts. That is the function of the jury. It might properly have found such issue in favor of defendant. In the circumstances of this case, therefore, even if it be conceded, as it must be, that the defendant's attorney in his opening statement gave two different dates when the conditional agreement was made, it was a question for the jury, and not for the judge to determine on a motion for a directed verdict, when the conditional promise, if any, was made.

■ There is prolonged discussion in the briefs as to the validity of such conditional promises as appear in this case and this is the important and controlling question. Plaintiff's counsel, though apparently not placing much reliance upon his contention, does, however, question the validity of the alleged parol conditional agreement as to the payment of this note. He cites, among other cases, *Randolph v. Helps,* 9 Colo. 29, 10 Pac. 245, and *Morgan v. Howard Realty Co.,* 68 Colo. 414, 191 Pac. 114, as holding that a written contract may not be varied by parol, but the cases he cites are actions upon contracts in general, not actions upon promissory notes. As to contracts of the latter character, ever since 1897 by section 3833 C. L. 1921, as between immediate parties to a promissory note, as is the case now before us, the delivery may be shown to have been conditional or for a special purpose only, though the rule is otherwise as to other kinds of contracts. This section has been construed by this court and our Court of Appeals in several cases. In *George v. Williams,* 27 Colo. App. 400, the note there considered was absolute in form but Williams pleaded conditional delivery in that there was a parol agreement contemporaneously with the execution of the note to the effect that this instrument would be paid from the maker's share of the dividends of a corporation and not otherwise. This is quite like the condition in this case. The court held the conditional delivery valid and cites many of our previous decisions. In *Wheelock v. Hondius,* 74 Colo. 400, 149 Pac. 837, it was held that this section 3833 of our Compiled Laws was valid, and that, as between the immediate parties to a promissory note, and that is the case here, delivery may be shown to be conditional or for a special purpose. The agreement, however, must be made contemporaneous with, not prior to, physical delivery of the instrument. In the present action the answer brings the case squarely within the rule of the Wheelock case. But plaintiff's counsel cites *Faris v. Beck,* 74 Colo. 480, 222 Pac. 652,

which he says is to the contrary. It would be rather singular if two cases in the same volume of official reports should be inconsistent. Even a casual inspection of the opinion in the Faris-Beck case in connection with the Wheelock-Hondius opinion in the same volume, discloses that there is no inconsistency. In the Hondius case the action was between the *immediate* parties to the note and the opinion in the Faris-Beck case at page 483 explicitly states in the following language: "Even if valid between him [the defendant] and the company [immediate parties], a point which we need not decide, it could not be valid between him [defendant] and the receiver, who represents the creditors of the company." That is to say, such provisions are valid as between the immediate parties, but as between one of these parties and a stranger they may not be upheld. There is no inconsistency between the Faris case and the Hondius case and there is nothing in either opinion which sustains the contention of the plaintiff in the instant case.

In *Berry's Sons Co. v. Monark Gas. & Oil Co.,* 32 F. (2d) 74, 64 A. L. R. 1110, one of the questions involved therein was as to the power of trial courts to direct verdicts. The entire opinion is well worth reading. In the syllabus it is said that where the trial court directs a verdict at the close of the opening statements for both parties—and the rule would be the same as to the opening statement of either party—the question for the appellate court is whether the petition or complaint states a cause of action, and whether any statement of counsel affirmatively precludes recovery. The court further said that on an appeal in such a case in which the trial court directed such a verdict, all inferences are in support of the petition and the plaintiff's statement. The opinion in that case as to this point is strongly against the ruling of the trial court in the case in hand where the court directed a judgment against the defendant. The court refers to the fact that opening statements are sometimes hastily made and this well known

fact is frequently referred to by the commentators and judicial writers as one reason why courts frown upon directed verdicts, except in very. clear cases.

In 26 R. C. L., p. 1071, §77, it is said that some courts, while conceding the right of the trial court to direct a verdict where the opening statement clearly shows that to permit a recovery would be against public policy, they deny the right to direct a verdict for failure to state facts sufficient to constitute a cause of action. The entire article in 26 R. C. L., beginning on page 1011, is an instructive statement of the law on the subject of directing a verdict or judgment upon the opening statement of either or both parties to the suit. See also: *Czellath v. Schaub,* 37 ·Ohio App. 232, 174 N. E. 599; *Davenport v. Holden,* 95 N. J. L. 197, 112 Atl. 418.

It follows from the foregoing that the trial court erred in directing this judgment and the same is hereby reversed and the cause is remanded to the district court with instructions to set aside its judgment. Further proceedings below must be not inconsistent with what has been said in the foregoing opinion.

MR. JUSTICE HOLLAND not participating.