**K & S REALTY CO.**, Plaintiff-Appellee, v. **ROSEN et al etc.**, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20500—Decided November 25, 1946.

Suggs Garber, Cleveland, Edward E. Lurie, Cleveland, for plaintiff-appellee.

Philip Kasdan, for defendants-appellants.

## OPINION

By HURD, J.

This action now before us on appeal on questions of law is one for the recovery of real property, brought by the plain-. tiff corporation against the individual defendants doing business as Ohio Auto Sales. The only pleading in the case was the petition of the plaintiff, the defendant not having filed an answer because, according to the rules of the Municipal Court, no answer is required in such an action.

Upon the conclusion of the opening statements, counsel for plaintiff moved that the case be withdrawn from the consideration of the jury; that a judgment be entered in favor of plaintiff, and against the defendants on the pleadings, and on the opening statement of counsel for defendants. Whereupon the court, immediately granted the motion, discharged the jury and entered judgment for the plaintiff.

Prior to granting the motion, the trial judge did not inquire if counsel desired to add to or amend the statement and counsel did not amend, claiming that no opportunity was afforded him so to do.

In the opening statement, counsel for defendants said in part:

"It is our defense, that we are in possession of this garage under the terms of an oral lease and that that lease will not expire until March of 1947."

Counsel then proceeded to elaborate on this statement respecting the use of the premises as a garage and detailed

a conversation between the defendants and an officer of the plaintiff corporation which occurred in March, 1946, in which defendants stated to said corporation officer:

"We must know how we stand in this building—the reason being that we wish to build a paint shop. We wish to make some repairs. In the past you had a fire here, or a fire occurred during our tenancy, and we were compelled to re-wire the building. Now we want to know how we stand." .

Whereupon the officer of the company stated:

"You can stay here another year or more if necessary."

The principal assignments of error are that the court erred (1) in sustaining plaintiff's motion for judgment on the pleadings and opening statement; (2) in failing to permit counsel to elaborate upon, explain or amend his opening statement.

Counsel for plaintiff, by way of brief, contend that the opening remarks of defendant's counsel showed clearly that no lease had ever been effected; that defendants had not agreed to or accepted any term of lease; that a lease must be definite and certain; that there must be certainty as to the commencement and duration of the term of the lease and that no lease exists in the instant case.

Inasmuch as defendants were not required to file an answer under the rules of procedure of Municipal Court, no issue was made by the pleadings.

The issue raised by the motion of plaintiff, for judgment upon the opening statements, presents a question of law only. See: Hrovat v Cleveland Railway Co., 125 Oh St 67; 180 N. E. 549; 84 A. L. R. 215. Czellath v Shaub, 37 Oh Ap 232, 174 N. E. 599, 8 Abs 752; Kasper v Oberlin College, 17 Abs 368. And the case of Wainscott v Young, 74 Oh Ap 463, decided May 29, 1944 by Hamilton County Court of Appeals. 39 O. Jur. Sec. 226, 884 et seq.

For the purpose of ruling on the motion, the court was required to interpret the statement of counsel most favorably to the defendants and to give a most liberal construction in favor of the defendants and to assume the truth of the facts stated, in order to sustain the principle that every litigant is entitled to his day in court. See generally, 39 O. Jur. Trial. Sec. 227, pages 886-7 and cases therein cited as follows: Neckel v Fox, 110 Oh St 150, 143 N. E. 389; Tyler v Vistula Realty Co. 31 Oh Ap 1; 166 N. E. 240.

See also: 2 O. Jur. Appeal & Error, Sec. 832, page 1061 wherein it is stated:

"It is reversible error for the court to enter judgment for the defendant because of admissions made by plaintiff's attorney in opening the case to the jury, where such admissions do not include every fact necessary to defeat the plaintiff; or to direct a verdict because of the insufficiency of the opening statement of plaintiff's counsel, if such statement is at least as broad as the petition, and the petition states a good cause of action; or, if giving such statement reasonable and liberal interpretation it is sufficient to entitle plaintiff to offer proof of his cause of action, and no motion has been made to make either the statement or petition more clear and definite. It is also error to direct a verdict for the defendant on the opening statement of plaintiff's counsel without giving to plaintiff an opportunity to explain or qualify such statement and to make such addition thereto as in the opinion of counsel, the proofs at his command will establish."

While the text quoted referred to motions directed against the plaintiff, the same principles are of course equally applicable to motions directed against the defendant, especially where the rules of court are so informal that not even an answer is required to be filed, as in the instant case.

In the case of **Neckle v. Fox, 110 Oh St 150,** the supreme court in a per curiam opinion said (page 152):

"The facts which counsel for plaintiff offer to prove were too meagerly stated and were very uncertain in vital respects. * * * This court is not disposed to give too rigid a construction to the terms employed in the statement of counsel for plaintiff. We * * * are of the opinion, in the absence of a motion to make either the petition or statement more definite and certain and giving plaintiff a reasonable and liberal construction to the statement of her counsel, that plaintiff was entitled to offer proof touching the quality of the owner's possession, together with the character of the agreement, if any, under which the owner retained the right to make repairs."

In this case the judgment of the lower court was reversed and the cause remanded to the trial court for further proceedings according to law.

In examining the numerous cases wherein a judgment upon opening statement of counsel has been sustained by the reviewing courts, we do not find any where counsel were not granted an opportunity to enlarge or amend before judgment was granted.

Here, in an action for the recovery of real property, a question of fact was at issue as to whether or not the defendants were in possession under an unexpired lease. Essentially this was the claim made by defendant in the opening statement. For the purpose of the motion the court was required to assume the truth of this statement, and to give to the entire statement a most liberal construction in favor of the defendants. The fact that the statement respecting the terms of the lease was indefinite was of no particular importance at that time in the absence of a motion to make the statement more definite and certain. No such motion was made. At no point throughout the statement was there a withdrawal of or a modification of the claim of a holding under an unexpired lease. On the contrary, this defense was emphasized. Such a claim, if accepted as true, would constitute a defense and if supported by competent evidence would entitle the defendants to a submission of the case to the jury under proper instructions of law by the court. Consequently, it was prejudicial error on the part of the court to withdraw the case from the jury and to enter judgment for the plaintiff. The defendants were thereby deprived of their day in court.

Whether strictly required by law or not, we think the better practice for the trial judge is to exercise caution and to give counsel every opportunity to amend an opening statement when a motion for judgment thereon is interposed. It should be remembered that the statutes do not require counsel to state every item of evidence expected to be introduced. Nor is it desirable to do so. All requirements are met if an issue of fact is stated or a direct issue joined or any single material proposition is made, requiring the introduction of testimony by the moving party to sustain such issue. See: Wainscott v. Young, supra.

The judgment is reversed and the cause remanded for further proceedings according to law.

MORGAN, J, concurs.
SKEEL, J, dissents.