No. 16,228.

DENVER BUILDING AND CONSTRUCTION TRADES COUNCIL
ET AL. *v*. SHORE.
(234 P. [2d] 622)

Decided July 9, 1951.

Mr. PHILIP HORNBEIN, Mr. PHILIP HORNBEIN, JR., for plaintiffs in error.

Mr. HAROLD B. WAGNER, Mr. CARL A. WYERS, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

DEFENDANT in error Shore brought action against plaintiffs in error, alleging, inter alia, in his complaint that he was a highway contractor engaged in construc-

tion of a bridge and roadway for the State Highway Department; that he has at all times had a contract with defendant International Union of Operating Engineers, Local No. 9; that the defendant Denver Building and Construction Trades Council was an associate of, and agent for, various labor unions engaged in the construction business, including International Association of Bridge Structural and Ornamental Iron Workers Local Union No. 24; that said council demanded that plaintiff employ union labor exclusively on said project with threat of picketing in case of refusal and, upon such refusal by Shore, did place pickets on the project; that by its threats and intimidation workers were induced to leave their employment and were coerced and intimidated in the enjoyment of their legal rights, including the right to refrain from joining a labor organization; that defendants have attempted to coerce, intimidate and induce plaintiff to interfere with the rights of his employees, including the right to refrain from joining a labor organization, and by threats, intimidation and coercion, have hindered and prevented the pursuit of lawful work and employment by plaintiff's employees; that they have induced employees who were members of the engineers' union to strike, and have attempted to cause plaintiff to discriminate against his employees who are not members of the defendant engineers' union by attempting to force him to require that all his employees become members. Plaintiff prayed for an injunction restraining defendants from picketing the project upon which he was engaged and from coercing and intimidating his employees concerning joining a labor organization.

After hearing on issue joined, the court found in substance: That the defendants had attempted to coerce and induce the plaintiff to interfere with the rights of his nonunion employees in the enjoyment of their legal right to refrain from joining a labor organization; had attempted to cause plaintiff to discriminate against em-

ployees who are not union members; and had set up a picket line for the purpose of compelling all employees to become members of some union or labor organization, and did thereby engage in unfair labor practices under the Colorado Labor Peace Act. A permanent injunction was ordered whereby defendants were restrained and enjoined:

"(1) From picketing the job or project being carried forward by the plaintiff under a contract with the Colorado State Highway Department dated May 17, 1948 for the construction of State Project No. 10-83-502, a bridge and oil processed surfacing project, 3.013 miles long, located on State Highway No. 83, south of Denver, in Arapahoe County, Colorado.

"(2) From attempting to induce or coerce the plaintiff to limit employment on this job to union labor;"

Reversal is here sought on a number of grounds, but consideration thereof is challenged by Shore for the reason that the project involved has been completed and the propriety of the issuance of an injunction is now a moot question.

Shore's complaint in this court included allegations of damage and he prayed for judgment against defendants therefor, but the matter was brought here for review upon the issue of injunction alone, before determination or hearing below of the issue of damages, and by his challenge to our review of that issue, Shore disclaims any future benefit under the judgment. The injunction here involved is specifically restricted to enjoining defendants from picketing the particular project upon which Shore was then engaged and from attempting to coerce him to limit employment on that project. It being undisputed that that project has now been completed, the question of injunction has become abstract.

It is urged in behalf of plaintiffs in error that we should decide the issue presented, because there is a present existing dispute between the parties in that "the plaintiff is carrying on his operations in the same man-

ner which gave rise to the dispute originally, i. e., he pays his workers less than the prevailing scale of wages." However, that issue was neither determined nor involved in this case. The charge in the complaint was coercion by defendants to require plaintiff to employ union labor exclusively on the project and to require nonunion employees to join a labor organization. The trial court found that charge to be true and predicated its injunction upon that charge; therefore, the issue of rights of defendants based upon plaintiff's asserted payment of substandard wages was not before the trial court and can not here properly be decided by us.

It further is urged that the validity and construction of the Colorado Labor Peace Act is involved and that public interest requires a determination thereof. However, the provisions of our labor peace act here relied on are parallel to provisions of the Federal Labor Management Relations Act, 1947; the questions here raised, as to the invalidity of such provisions by virtue of the federal Constitution and of the jurisdiction of the state courts since the passage of the federal act of 1947, must be determined ultimately by the federal courts; the record discloses that the issue here presented was submitted to federal jurisdiction by charges filed before the National Labor Relations Board under the federal statute, and admitting federal jurisdiction, even before the bringing of the action now before us, and, at least until further clarification of the applicable law by the federal courts, we do not deem it of public importance or of benefit to plaintiffs in error to hazard an empty decision thereon.

The writ of error is dismissed.

Mr. Justice Holland and Mr. Justice Clark did not participate.