No. 16,936.

SHORE *v.* DENVER BUILDING AND CONSTRUCTION
TRADES COUNCIL ET AL.

(263 P. [2d] 315)

Decided November 9, 1953.

Mr. HAROLD B. WAGNER, Mr. CARL A. WYERS, for plaintiff in error.

Mr. PHILIP HORNBEIN, Mr. PHILIP HORNBEIN, JR., for defendants in error.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the court.

SHORE, a general contractor, engaged in highway construction under a contract with the State Highway Department, as plaintiff, brought action in the district court against defendants alleging certain illegal practices and violation on the part of the defendants of the laws regulating and pertaining to the employment of labor and particularly charging defendants with the illegal picketing of his project. In a second cause of action directed only to defendant, the International Union of Operating Engineers, plaintiff charges said Engineers Union with the violation of a contract alleged to be in force between it and the plaintiff, and in undertaking to force plaintiff to require all of his employees to join a labor union. Plaintiff sought two kinds of relief: (1) An injunctive writ restraining defendants from pursuing the alleged wrongful and illegal acts charged to them; and (2) damages to compensate him for loss sustained by reason of defendants alleged wrongful acts. The trial court granted defendants' motion to dismiss and entered judgment against plaintiff, the further details of which will hereinafter appear.

The record before us presents a maze of procedural

complications in which it would appear that the trial court, as well as counsel on both sides, became enmeshed. Plaintiff's counsel specify six points of alleged error, all of which go to the issue as to whether the trial court was right in granting defendants' motion to dismiss and thereupon entering judgment in favor of defendants. Counsel on both sides go much further in their arguments than the issue presented warrants, and much of the matter contained in their briefs is irrelevant thereto. Even at that, the issue presented is involved, and at the sacrifice of brevity, must necessarily be set forth at considerable length herein.

For an accurate understanding of what follows it must constantly be borne in mind that the relief plaintiff sought consists of the two elements: injunction and damages. Shortly after the filing of the action in the district court, a preliminary hearing was held to the end that a temporary restraining order might be issued. This order the court refused to enter. Shortly thereafter the matter came on for hearing upon the question of issuance of a permanent order of injunction. Plaintiff's counsel in his opening statement made it very clear that the then hearing was to be confined exclusively to the issue of whether permanent injunction should be granted, leaving all issues pertaining to damages for determination at a hearing to be held at a future date; explaining that this was necessary for the reason that the damages could not be ascertained in full until the construction project involved and on which plaintiff then was engaged, could be completed. It then was stipulated by counsel that all testimony given at the hearing on the preliminary injunction should be regarded as offered at the then hearing for permanent injunction, subject to, and without waiving, objections interposed to any part thereof as shown by the record, and likewise that exhibits previously offered in the case should be regarded as being offered for all purposes to the extent that same appeared pertinent.

Upon the conclusion of the hearing for a permanent injunction the trial court took the matter under advisement for a brief time, and then entered rather extensive findings of fact and conclusions of law, among which were that defendants collectively were guilty of the commission of unfair labor practices substantially as alleged in plaintiff's complaint; that the Engineers Union had violated its contract with plaintiff as covered by five articles thereof; that defendants had caused plaintiff's operation to be illegally picketed; that no labor dispute had existed between plaintiff and his employees prior to such picketing; that said picket line was established to attempt to coerce plaintiff to interfere with the rights of his employees by forcing them to become members of the unions involved; and that by reason of these illegal acts plaintiff was being subjected to substantial loss and damage particularly on account of the breach of contract by the Engineers Union, thus rendering idle for a considerable period of time heavy machinery and equipment, the constant use of which was necessary for completion of plaintiff's contract. The trial court concluded that the picketing was for an unlawful purpose; that defendants were engaged in unfair labor practices; that the union had violated its agreement with plaintiff; that the issuance of a permanent injunction was proper; and thereupon an order was entered directing the issuance of such a writ restraining defendants from further conducting the picketing and other unlawful activities.

To the order of the trial court directing issuance of a writ of permanent injunction, as aforesaid, defendants, by writ of error, sought review of that decision by this court. Before that matter reached a point where it might here be finally determined, Shore had completed his contract with the Highway Department out of which that difficulty had arisen and moved dismissal in this court upon the ground that the issuance of injunction had become a moot question. In ordering dismissal, on July 9, 1951, we said: "Shore's complaint in this court included

allegations of damage and he prayed for judgment against defendants therefor, but the matter was brought here for review upon the issue of injunction alone, before determination or hearing below of the issue of damages, and by his challenge to our review of that issue, Shore disclaims any future benefit under the judgment. The injunction here involved is specifically restricted to enjoining defendants from picketing the particular project upon which Shore was then engaged and from attempting to coerce him to limit employment on that project. It being undisputed that that project has now been completed, the question of injunction has become abstract." *Denver Building and Construction Trades Council v. Shore,* 124 Colo. 57, 59, 234 P. (2d) 620. We also held that all other questions involved in the case were not presently before the court, and, therefore, could not properly be decided at that time.

On February 5, 1952, the cause came on for hearing before the trial court upon the issue of damages. Counsel for plaintiff in his opening statement referred to the findings of fact and conclusions of law of the trial judge wherein was directed the issuance of permanent injunction, and called the attention of the court to the fact that therein the liability of defendants had been determined. He also referred to the specific findings of the court that plaintiff had suffered damage because of the wrongful acts of defendants, particularly the Engineering Company. Counsel further stated that since these issues had been determined, all that now remained to be done was to introduce evidence relative to the extent of plaintiff's damage.

Following the opening statement of counsel for plaintiff, defendants' counsel orally moved that judgment of dismissal be entered in favor of defendants "based upon counsels opening statement." The motion is not clear-cut and specific as to the grounds, but from the commingled argument it appears that the position of defendants' counsel is that, the plaintiff, by moving to dismiss the

writ of error in this court on the injunction matter, had disclaimed and waived all benefit of the judgment of the trial court with respect to the finding of defendants' liability, and now is estopped from reasserting the same, virtually making the procedure in this court res judicata of the entire case. His contention seems to be that, because of the intervention of plaintiff's motion to dismiss the writ of error, the parties were precluded from obtaining a decision of this court upon the issue of defendants' liability for damages. The trial court ruled as follows: "It is the opinion of the court that the language of our Supreme Court does not preclude the claim of damages for Shore. It seems to me that what the Supreme Court said and what it meant was that Mr. Shore argued in the Supreme Court that the injunctive issue was a moot matter and having done that he couldn't claim any future benefit under the injunctive judgment." Thereupon the court denied defendants' motion to dismiss.

The contentions of the parties, as well as the views of the trial judge, appear somewhat more clearly from a discussion which arose shortly after plaintiff was sworn as a witness and began his testimony. Plaintiff's counsel suggested that it should not be necessary to repeat the testimony given at the injunction hearing, whereupon the court interposed a question: "It is understood, is it, that all of the testimony heretofore taken is to be considered in connection with this trial?" Plaintiff's counsel assented and defendants' counsel stated that, "Whatever your Honor wishes on that would be satisfactory to us, * * *." On behalf of defendants it was insisted, however, that the issue of liability for damages had not been decided in the injunction matter, while plaintiff's counsel contended that it had been. Following argument over this dispute the trial judge commented: "I don't think we are here for the purpose of having the plaintiff prove further *right* or any *right* to damages. He has got to stand or fall on the record as it now is, and if he is not entitled to them at the present time, if he hasn't estab-

lished his *right* to damages in whatever amount if any, he may prove here, then he is not going to get anywhere, because *he is not going to be required to prove his further right* to damages. * * * So we are here only to find out what damages, if any, Mr. Shore has suffered." (Emphasis supplied.)

A little later the court said: "Strike out from my last statement the words 'if any' inadvertently stated. * * * we are back again to the question of whether or not we are to consider the former testimony. It doesn't seem to me you need to go back to the former testimony. You have findings of fact and conclusions of law as a basis of this lawsuit, and now we are here just to try damages." In part, defendants' counsel replied: "We have no objection, your Honor, to having the testimony introduced at previous hearing considered by your Honor, but we do not think the previous findings or conclusions were determinative at all of the issues of damages."

From the foregoing it is apparent that, on the question of damages, the evidence taken at the hearing on the injunction matter was to be considered by the court by stipulation of counsel. From this point the trial of the damage question proceeded and voluminous testimony was introduced. At the conclusion of the hearing the matter was taken under advisement by the trial judge and on the 29th day of July, 1952, he entered an order reversing his former ruling on the motion of defendants' counsel to dismiss upon the opening statement of plaintiff's counsel; granted that motion; and ordered dismissal. It is a bit difficult to determine from the order, the exact reasons the trial court had in mind in reversing his position; he states therein that "plaintiff's motion for dismissal of the writ of error in the supreme court prevented consideration by that court of certain questions pertinent to the issue of damages."; that he now feels compelled to change his interpretation of the decision of the Supreme Court on the injunction matter, and con-

cludes "that this action for damages cannot now be maintained and should be dismissed."

■ Motions for judgment based upon opening statements of counsel should be considered with extreme caution; should be granted only where it is clearly apparent that counsel has included in his opening statement every element possible to come within the scope of his proof; and that having done so, it is manifest that his client is entitled to no relief or judgment in his favor. *Rock River Investment Company v. Mountain Finance Corporation,* 94 Colo. 539, 31 P. (2d) 914; *Iacino v. Brown,* 121 Colo. 450, 453, 217 P. (2d) 266; *Best, Administrator v. District of Columbia,* 291 U. S. 411, 54 Sup. Ct. 487, 78 L. Ed. 882; *Wasmer v. Missouri Pacific Railway Co.,* 116 Mo. App. 215, 148 S.W. 155.

■ ■ From the record in the present proceeding it would appear that confusion resulted during the trial due to inability to properly interpret our opinion announced when the matter was previously before us on the injunction phase. *Denver Building and Construction Trades Council v. Shore, supra.* We feel that any difficulty in this respect is uncalled for. Our former opinion is clear and definitely eliminates all questions pertaining to damages. It is limited solely to the matter of injunction which then had outlived its usefullness and had become abstract. So far as this court is concerned, in that opinion we determined nothing relative to the question of damages in any respect. It is not res judicata except as to our announcement that all matters pertaining to the issue of damages were reserved for future consideration. *Powell Brothers Truck Lines v. State ex rel. Green,* 177 Okla. 568, 61 P. (2d) 231; *State ex rel. v. Casarez,* 52 N.M. 406, 200 P. (2d) 369. It does not constitute an estoppel against or waiver on the part of plaintiff because such does not operate upon issues not in the case. Damages were not involved in that case.

■ While technically correct, that the determination by the trial court of liability for the purposes of injunc-

tion does not obviate the necessity of again determining the same question as it is to be applied to the issue of damages, nevertheless, from a practical standpoint we fail to see how a court logically could find no liability on the simple issue of damages after having already determined liability upon the more exacting issue of injunction. This view appears more impelling when we consider the fact that by stipulation of counsel, all of the evidence offered in the injunction hearing and applicable to the issue of damages was to be considered by the court in determination thereof. This, however, does not relieve the court from again determining the issue of liability with respect to the damage feature of the case.

■ From the briefs and arguments it is apparent that again, as was attempted in the injunction matter, counsel are undertaking to induce this court to determine issues not heretofore passed upon by the trial court. By entering the order of dismissal upon defendants' motion directed to plaintiff's opening statement, the trial court bypassed all of the evidence introduced in the case over the entire period of the hearings. It is not for us to pass upon the issues of fact presented by that evidence, this being the peculiar province and duty of the trial court, as well as, in the first instance, to determine the law applicable thereto. Until this duty has been performed by that court, we are not privileged to undertake to pass upon these questions upon review.

The cause is remanded to the trial court with direction to set aside the judgment heretofore entered and to further proceed in accordance with the views herein expressed. We do not wish to be understood as determining any question relative to this matter other than that the entering of judgment of dismissal upon the motion directed to the opening statement of plaintiff's counsel was erroneous; nor do we direct how the trial court shall further proceed except that there shall now be determined the issue of damages upon the merits, and to that end the court may consider the record as already made,

and, if it seems advisable, may receive further and additional evidence.