GRANCHI, Plaintiff-Appellant, v. FINLEY, Defendant-Appellee.

Ohio Appeals, Seventh District, Columbiana County.

No. 740.   Decided December 22, 1956.

Metzger, McCorkhill & Metzger, Salem, Singer & Singer, Cleveland, for plaintiff-appellant.

Brookes, Lynch & McDonald, East Liverpool, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

Plaintiff was involved in a collision between an automobile driven by her husband and a truck driven by defendant in opposite directions on U. S. Route 30 in Columbiana County, and allegedly injured as a direct and proximate result thereof.   Plaintiff commenced an action in

the court of common pleas against defendant to recover damages for such alleged injuries. In that action the jury rendered a verdict in favor of defendant upon which the trial judge entered judgment from which plaintiff appealed to this court on questions of law.

In his opening statement to the jury counsel for defendant said:—

"Now we do not mind if the jury finds that we are liable here we do not mind paying for what damage we done but we do mind paying for damage that her husband did, and, consequently, whatever you find, try to bear in mind that we are not responsible for a condition which existed before this accident ever occurred."

Counsel for plaintiff contends that by that statement "defendant admitted liability in some amount," and that "the trial court erred in overruling plaintiff's motion for a directed verdict in favor of plaintiff (who was a passenger) on the pleadings and opening statement of counsel reserving to the jury only the question of the amount, if any, of damages."

In 4 O. Jur. (2d), Section 1094, it is said:—

"It is reversible error for the court * * * to direct a verdict for the defendant because of the insufficiency of the opening statement of plaintiff's counsel, if such statement is at least as broad as the petition and the petition states a good cause of action; * * *."

In K & S Realty Co. v. Rosen, et al, 47 Abs 316, paragraph 2 of the syllabus it is said:—

"In the consideration of plaintiff's motion for judgment upon the opening statement of counsel it is the duty of the trial court to interpret the statement most favorably to defendant and to give a most liberal construction in favor of defendant, and to assume the truth of the facts stated in order to sustain the principle that every litigant is entitled to his day in court."

"A most liberal construction in favor of the defendant" of the pleadings and opening statement of defense counsel compels us to conclude that the trial judge did not err to plaintiff's prejudice in overruling her motion for a verdict to be directed in her favor "on the pleadings and opening statement of counsel reserving to the jury only the question of the amount, if any, of damages."

The trial judge overruled plaintiff's motion "to instruct the jury to ignore the remarks of defendant's counsel in his opening statement to the effect 'we will prove that plaintiff's condition is due to the persecution of her husband growing out of her unfaithfulness to him,' then failed to introduce one iota of evidence to substantiate such damaging and prejudicial statement." Plaintiff contends that the trial judge erred to her prejudice in overruling such motion.

In the words of counsel for defendant lifted from his brief, which are supported by the evidence:—

"Appellant's husband had discovered her infidelity, and in some manner learned the identity of the other man. * * * Employing counsel he had the guilty couple admit their guilt in the presence of the other man's wife (R. 67). Then he took a written commitment for payment of $2,500.00 for what had happened, and had it signed by the appellant,

her lover, the latter's wife and signed it himself. This appears as a part of Exhibit 1 (R. 308).

"When the appellant's paramour failed to pay up her husband brought action in the Common Pleas Court of Cuyahoga County for $25,000.00, announcing for all to read, and for all time, her shame and her disgrace. From there, of course, it got into the newspapers (R. 74) to be made public to their thousands of readers in addition to the jurors who ultimately tried the case. * * *

"That action was pending for trial when the collision with the Finley automobile occurred. * * *

"In our opinion, it is a refined form of torture to make a public spectacle of the admitted disgrace of any woman; and to show so little concern for the good name or respectability of one's own wife—to place on permanent public record the name of the mother of one's children is, in our opinion, 'persecution' or something lower."

In our opinion it was a question for the jury to determine whether under all of the conditions shown by the evidence, including doctors and psychiatrists, defendant's conduct, whether it be designated persecution or not, or the collision in which she was involved caused personality disturbances, irritability, excitability, hysterical behavior, and outbursts of temper during which she threatened her husband with a knife, and locked him out of their home.

We cannot conclude that the trial judge erred in overruling plaintiff's motion "to instruct the jury to ignore the remarks of defendant's counsel in his opening statement to the effect 'we will prove that plaintiff's condition is due to the persecution of her husband growing out of her unfaithfulness to him,' then failed to introduce one iota of evidence to substantiate such damaging and prejudicial statement."

Now plaintiff claims that the trial judge erred to her prejudice "in permitting defendant to introduce his Exhibit I which purported to be the petition and answer in case number 631,042 in the court of common pleas of Cuyahoga County, being the case of Edward A. Granchi v. Anthony Blashinsky (being a case for criminal conversation with plaintiff herein), when in truth and in fact, the answer which was contained in said exhibit and which answer also had attached to it, a damaging exhibit was stricken from the files and the case tried upon an amended answer."

Plaintiff contends that the admission attached to defendant's answer was not competent because the answer to which it was attached was later amended so as to exclude it from that other case. Perhaps it was not good pleading but it in no way detracts from its force as an admission of the plaintiff and in our opinion does not amount to fraud.

For her fourth assignment of error plaintiff claims "other errors appearing on the record" among which she claims that the trial judge should have submitted the case to the jury under the doctrine of res ipsa loquitur and failure to do so constituted prejudicial and reversible error on the part of the trial judge.

If error, in our opinion it was not prejudicial because the record discloses it was an error of omission not raised by counsel in trial. **3 O. Jur. (2d), Section 218**, where it is said:—

"Counsel cannot sit by and note that the court has inadvertently omitted something in the charge that ought to be given, and not advise the court of such omission, and then thereafter predicate error thereon."

As to whether the trial judge erred as charged with reference to submission of the case under the doctrine of res ipsa loquitur see **Beeler v. Ponting, 116 Oh St 432.**

The evidence fails to convince us that the jury was influenced by passion or prejudice as urged in subdivision 2 of plaintiff's fourth assigned ground of error.

In appellant's brief we find the following:—

"In argument to the jury, plaintiff's counsel properly commented on the failure of defendant to call Dr. Nozik to the stand to testify as to the results of his examination, but instead, had called Dr. Elder, who made another examination at defendant's request two years after the accident. In replying to this argument, Defendant's Counsel made the following statement, 'Oh, yes, they wanted to know why we did not bring in Dr. Nozik and I want to tell you why we didn't bring him in. You have never had the experience of bringing a doctor into court. You can subpoena him, but you can't make him come.'

"This statement was objected to, but the court overruled the objection, which ruling, we submit, was improper."

Plaintiff's summary of the evidence and proceedings on trial as she interprets it, listed under "conclusion" in her brief, upon which she bottomed her right to recover and were in dispute presented questions for the determination of the jury. In the state of the record we will not interfere with the verdict of the jury nor judgment of the trial judge, and do not find the trial judge erred to plaintiff's prejudice in the respects urged. Plaintiff's "conclusion" in her brief is as follows:—

"(a) A drinking driver.

"(b) Travelling 65 miles per hour. ·

"(c) Skids 45 feet into a guard rail on his side of the road.

"(d) Veers back and forth across the road 306 feet to three feet over in opposing lane of traffic to point of collision.

"(e) Skids 96 feet further to point of rest.

"(f) Plaintiff is a passenger and is injured.

"(g) Answer does not deny liability.

"(h) Defendant's counsel in opening statement admits liability.

"(i) Defendant admits plaintiff's condition exists, but claims that it is the result of the persecution by her husband. No evidence of persecution is adduced.

"(j) On the contrary, kindly considerate treatment of plaintiff by her husband is shown.

"(k) Verdict for the defendant."

The judgment of the court of common pleas is affirmed.

GRIFFITH and NICHOLS, JJ, concur.