ATLAS LIFE INS. CO. v. UNGER.

No. 32479. Jan. 28, 1947.

Rehearing Denied Feb. 18, 1947.

*177 P. 2d 98.*

Logan Stephenson, F. C. Swindell, and Q. M. Dickason, all of Tulsa, for plaintiff in error.

Hugh Ownby, C. A. Warren, and L. O. Todd, all of Tulsa, for defendant in error.

PER CURIAM. This is an action brought by Lillian Unger against Atlas Life Insurance Company, a corporation, to recover death benefits under a life insurance policy.

The defense was that the policy had expired prior to the death of insured. Plaintiff in reply to this defense pleaded certain acts and conduct on the part of defendant which she alleges constitute an estoppel and operate to estop defendant from asserting such defense.

The trial was to the court and re-

sulted in a judgment in favor of plaintiff. Defendant appeals and for reversal assigns the following errors:

(1) That the judgment is not sustained by the evidence and is contrary to law;

(2) Error of the court in the admission of incompetent evidence.

This is the second appeal. The action was originally brought by Edith U. McMillan, who was then beneficiary named in the policy. The trial in that action resulted in a judgment in favor of defendant. The judgment was reversed by this court on appeal and the cause remanded to the trial court for new trial. McMillan v. Atlas Life Ins. Co., 195 Okla. 125, 155 P. 2d 516. The reversal was based on error of the trial court in refusing plaintiff permission to amend her pleadings so as to plead estoppel.

The record shows that the policy was issued on June 2, 1923, to George F. Unger and that Ada T. Unger was named beneficiary; that thereafter the beneficiary was changed to Edith U. McMillan; that prior to the retrial of the case Lillian Unger presented an assignment from Mrs. McMillan assigning to her all the benefits under the policy and on her motion was substituted as party plaintiff in the action. It is the contention of defendant that the evidence offered by plaintiff was wholly insufficient to create an estoppel; that the policy had expired under its terms prior to the death of insured and that judgment should therefore have been rendered in its favor. The evidence shows that insured defaulted on the premium due June 2, 1931; that an extension agreement was entered into extending the time of payment of the premium to June 2, 1932, at which time insured again defaulted on the payment of the premium and the policy then went on extended term insurance as thereby provided; that the cash surrender value of the policy was sufficient to have purchased extended insurance for a period of seven years and 198 days

and had the term of extended insurance been properly calculated the policy would have expired the 7th day of December, 1939; insured died May 4, 1941; that on January 11, 1935, Mr. Salomon, who was then soliciting agent of defendant, wrote insured the following letter:

"Altas Life Insurance Company
"Johnson D. Hill, President,
"Tulsa, Oklahoma

"January 11, 1935

"Mr. George F. Unger
"3920 Sapulpa Road
"Route 74
"Tulsa, Oklahoma.

"Dear Mr. Unger:

"In compliance with your request I have looked up your Atlas Policy No. 10635, dated June 2, 1923, and find that it went on extended term for the face amount of $2,500.00 on June 30, 1931, for a period of nine years and 139 days expiring October 19, 1941.

"The policy, as at present arranged, is made payable to your sister, Edith U. McMillan, but should you desire to change the beneficiary at any time, you may do so by notifying us in writing.

"Awaiting further opportunity of serving you, and with best wishes, I remain,

"Sincerely yours,
"Emil Salomon
"215 Atlas Life Bldg. 3-0113."

This letter was admitted in evidence over the objection of defendant. It is defendant's contention that Mr. Salomon was without authority to write the letter and that the court therefore erred in admitting the same. It is pointed out that the policy contains the following provision:

"(1) Only the president, vice-president or secretary has the power in behalf of the Company (and then only in writing) to make or modify this or any contract of insurance, or to extend the time for paying any premium, and the Company shall not be bound by any

promise or representation heretofore or hereafter made by any agent or person other than the above."

Defendant contends that since the evidence discloses that Mr. Salomon was merely a soliciting agent, he had no authority to waive any of the terms or provisions of the policy. Numerous authorities are cited to sustain this contention. Plaintiff concedes the rule to be that an agent who has no authority other than to solicit applications for insurance and present them for approval has no authority by virtue of such agency to waive any condition of the policy after its execution and delivery to the insured. She, however, asserts and in her reply pleads that Mr. Salomon was permitted by defendant to perform duties other than that of a soliciting agent and that by its acts and conduct it held Mr. Salomon out as having authority to convey information to policyholders such as is contained in the above letter. If the evidence is sufficient to sustain such contention the letter was admissible.

In 44 C.J.S., page 1102, it is said:

"While provisions in the policy restricting the power of an agent to waive the condition are sometimes given effect, such restrictive provisions may themselves be waived by the company, and they do not affect the power to waive a condition stated in the application. Further, where there is an actual authority on the part of the agent to waive, or where authority may be reasonably inferred from the course of dealing between him and the company, waiver will be upheld notwithstanding the apparent limitation on his authority contained in the policy or in the application, and thus it has been held that a local agent or subagent has authority to waive the condition, even though such authority is denied by the terms of the policy, where his course of dealing in this respect, extending over a considerable time, has been authorized and approved by a general agent."

See, also, Queen of Arkansas Insurance Co. v. Malone, 111 Ark. 229, 163 S.W. 771; DeGroot v. Mutual Life Insurance Co. of N.Y., 179 Wis. 202, 190 N.W. 443.

Plaintiff prior to offering the letter in evidence offered evidence tending to prove that defendant by and through its actuary had calculated the term for which the cash surrender value of the policy at the time the insured defaulted would purchase extended insurance; that the result of this calculation was endorsed on a card which was kept and filed in the main office of defendant and constituted part of its policy record. The endorsement made on the card showed that the policy did not expire until December 19, 1941; that thereafter defendant changed the notation on the card and records to show that the policy expired on December 7, 1939, instead of October 19, 1941, and that insured had not been notified of such change. Plaintiff testified that some time after the policy went on extended insurance, insured in her presence contacted Mr. Salomon for the purpose of ascertaining the exact date to which extended term insurance would remain in force under the terms of the policy; that he was informed by Mr. Salomon that he would look into the matter and advise him later and that insured thereafter received from him the letter in question. Mr. Salomon testified that he wrote the letter; that he maintained and kept his office on the second floor of the building in which defendant maintained its office; that defendant furnished him with stationery for the purpose of communicating with policyholders and his clients generally. The stationery had engraved thereon the following: "Atlas Life Insurance Company—Johnson D. Hill, President"; that it was his practice and custom to furnish information to policyholders and that he had frequently furnished them such information as is contained in the letter of January 11, 1935; that he obtained the information contained in the letter from the records kept in the main office of defendant; that he obtained such information and wrote the letter upon inquiry having been made by insured as to the exact date the policy

would remain in force on extended insurance.

The above evidence is not disputed. The vice president and actuary of defendant testified in its behalf. He did not, however, deny that the policy record was made and changed as contended by plaintiff nor did he deny the authority of Mr. Salomon to write the letter.

We think this evidence sufficient to sustain plaintiff's contention that defendant held Mr. Salomon out to insured and to its policyholders generally as having authority to convey to insured information such as is conveyed in the above letter and it is bound thereby.

The letter was not offered in evidence for the purpose of proving that any of the conditions of the policy had been waived. It was offered in evidence as tending to prove that the defendant itself had interpreted the extended term insurance provision of the policy and had interpreted the same to be in force under its terms until October 19, 1941; that it informed insured of such interpretation and that he relied thereon.

The facts in this case are somewhat similar to the facts in the case of National Life & Accident Ins. Co. v. Lewis (Tex. Civ. App.) 81 S.W. 2d 1039. In that case it appears that insured had taken out several life insurance policies. He thereafter lost the policies and obtained a certificate from the insurance company reciting that the policies had been issued but none of the provisions thereof were contained in the certificates. Insured defaulted on the payment of premiums and the policies went on extended insurance. He thereafter contacted the local agent for the purpose of ascertaining the exact term to which his policies would remain in force under the extended insurance provision. The local agent made inquiry at its district office and after having made such inquiry notified insured that his policies would remain in force to October 11, 1934, and endorsed such information upon the certificates held by insured. Under this evidence the court upheld a judgment in favor of the plaintiff. The court said:

"This evidence authorized the trial court to find and conclude that appellant interpreted its contracts of insurance as providing for extended insurance beyond the date of the death of the insured for the face value of the policies. Under this theory of liability appellant did not change the terms or provisions of the original policies, but merely interpreted them as providing for extended insurance to the dates mentioned on the slips returned by the district office with the certificates. The original policies were lost, and appellant alone knew their contents or provisions, and having interpreted them upon the inquiry of the insured as providing for extended insurance to the dates mentioned and the insured having been informed of that interpretation, and having relied upon same, appellant should not be permitted to give a contrary interpretation of the policies after the death of the insured."

Defendant further contends that although the letter was properly admitted in evidence, when considered together with other evidence in the case, it is nevertheless insufficient to show that insured had in any manner changed his position or was in any manner injured by reason of the statements contained in the letter, and is therefore insufficient to establish an estoppel. We do not agree. While there is no direct evidence tending to show such state of facts, we think the evidence is sufficient from which the inference may properly be drawn that insured relied upon the statements contained in the letter and that by reason thereof made no effort to renew the policy or obtain other insurance. This is indicated by the fact that when he defaulted on the payment of the premium he entered into an agreement with defendant extending the time of payment of the premium, and that when he again defaulted and the policy went on extended term insurance, he made inquiry from defendant's agent for the purpose of ascertaining

the exact time for which the policy would remain in force.

It is not essential in order to create an estoppel that some affirmative action be taken in reliance upon representations made, but nonaction in reliance thereon resulting in injury is sufficient, and such nonaction may be inferred from circumstances.

In the case of Hetchler v. American Life Insurance Co., 266 Mich. 608, 254 N. W. 221, the Supreme Court of Michigan held:

"As regards estoppel, it is not necessary that affirmative action be taken in reliance on representations made, but nonaction in reliance thereon resulting in injury is sufficient.

"As regards estoppel, fact that party's failure to take action was induced by reliance on representations of another need not be proved by direct evidence, but may be inferred from circumstances."

In that case it appears that insured had defaulted in payment of premiums due on the policy. The policy then went on extended term insurance. The insured in response to inquiry made received several letters from insurer in which it was stated that the policy went on extended insurance for a period of five years and seven months or until May 13, 1932. It was later discovered that insurer made an error in calculation and that the policy only remained in force until March 15, 1932. Insured died subsequent to March 15, 1932, but prior to May 13, 1932, the date of expiration stated in the letters written by insurer. The court held that insurer was estopped by reason of its letters from asserting that the policy was not in force on the date of the death of insured.

The Court of Appeals of Missouri, in the case of Fulton v. Kansas City Life Ins. Co., 236 Mo. A. 78, 148 S.W. 2d 581, under facts somewhat similar to the facts in the instant case, reached the same conclusion.

Defendant further contends that the court erred in admitting in evidence a stipulation entered into at the former trial of the case. This stipulation provides:

"Mr. Stephenson: It is stipulated that on the premium record card introduced by plaintiff, it shows that there has been an erasure and that apparently the first figure placed in extended term was 9 years and 139 days and that on the space where it follows the word 'expires,' it shows to be an erasure and for the purposes of the record, the defendant agrees that probably the figures placed where 12-19-39 is now, was 10-19-41."

It is the contention that the stipulation was entered into solely for the purpose of preventing a continuance of the case and that its use was limited to that trial. The stipulation does not show on its face that it was so limited nor is there anything contained in the record which compels such conclusion. There was no error in admitting this stipulation. Consolidated Steel & Wire Co. v. Burnham, Hanna, Munger Co., 8 Okla. 514, 58 P. 654; Loman v. Paullin, 51 Okla. 294, 152 P. 73; annotations 100 A.L.R. 776.

The evidence, in our opinion, is sufficient to show that defendant held its agent, Mr. Salomon, out as having authority to write the letter in question, and insured relied thereon to his injury. Defendant is therefore estopped from asserting that the policy was not in force on the date of the death of insured.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.