Sam COON, E. O. Coon and Meda Coon, Plaintiffs in Error,

v.

Martha C. JONES, Defendant in Error.

No. 37107.

Supreme Court of Oklahoma.

Sept. 25, 1956.

Henry S. Johnston, Kenneth Reed, Perry, for plaintiffs in error.

Henry Dolezal, Perry, for defendant in error.

CORN, Justice.

This is a forcible entry and detainer action, commenced by the plaintiff, Martha C. Jones, on January 14, 1955, in the Justice of the Peace Court of Barney Woolverton, Justice of the Peace for the City of Perry, Noble County, Oklahoma, against Sam Coon, E. O. Coon and Meda Coon to recover possession of the Southwest Quarter of Section 12 in Township 21 North, Range 1 West of Indian Meridian, Noble County, State of Oklahoma. After a trial before said Justice he rendered judgment for the plaintiff for immediate possession of said premises, and taxed the costs to the defendants. Defendants appealed to the District Court where trial de novo resulted in the following judgment in part:

> "The court thereupon finds that judgment herein should be entered in conformity with the stipulations herein made on the 9th day of May, 1955, and filed herein in writing on the 11th day of May, 1955, * * *."

The stipulations are in part as follows:

> "Mr. Reed: It is stipulated by and between the plaintiff and defendants that the plaintiff shall have judgment for possession of the premises involved herein on the first day of August, 1955. That the defendants shall be allowed to remove certain improvements placed thereon by them, and to harvest and account for the rent as per one-third of the crops to the plaintiff and two-thirds to be retained by the defendants,

the plaintiff's share to be delivered to the elevator at Perry, Oklahoma. * * *."

There is no disagreement as to the removal of the improvements or the division of the crops, but only to the possession of the premises.

The defendants first contend there is a defect of parties defendant for the reason the land in question was leased on the 20th day of August, 1936 by A. T. Jones and Martha C. Jones to Mrs. O. B. Coon, S. H. Coon and E. O. Coon, and on the 25th day of September, 1940 by A. T. Jones to Mrs. O. B. Coon, S. H. Coon, O. E. Coon and C. T. Coon. The term of the last lease provides from January 1, 1941 to January 1, 1942. This seems to be the last lease executed by A. T. Jones before his death, January 23, 1941. The defendants contend that the lease given on the 25th day of September, 1940 by A. T. Jones, was continued and no new oral lease was ever entered into by the defendants with the plaintiff after the death of her husband, and therefore Mrs. O. B. Coon and C. T. Coon are necessary parties, and cites:

"If a lessee of real property remain in possession thereof, after the expiration of the lease and the lessor accepts rent from him, the parties are presumed to have renewed the lease on the same terms and for the same time, not exceeding one year."

The record reflects after the death of Mr. Jones and the expiration of the above lease, Henry Henriksen, a brother of the plaintiff, Martha C. Jones, acting as her agent, leased the land to Sam Coon and E. O. Coon. This is borne out by the testimony of Henry Henriksen, to-wit:

"Q. You testified I believe that you acted as agent for A. T. Jones and that you know how Sam Coon and E. O. Coon re-leased this land from A. T. Jones. A. Yes.

"Q. Now is it a fact that after the death of A. T. Jones you leased them (referring to persons last before mentioned: Sam Coon and E. O. Coon) the

land for your sister, Martha. A. Yes, sir.

"Q. And how did you lease it to them? A. Well, I just told them we would use the same lease on the same terms they had used with A. T. Jones.

"Q. You were doing that for your sister? A. Yes, sir."

■ The lease executed by A. T. Jones was offered in evidence for the purpose only of showing the terms thereof which were incorporated by reference in the verbal agreement of the agent of Martha C. Jones and the defendants Sam Coon and E. O. Coon. Following the introduction of the lease, the witness, Henry Henriksen, testified:

"Q. Now, after the death of A. T. Jones, is it a fact that you leased this same land to Sam Coon and E. O. Coon, and if so, on what terms? A. On the terms of the same lease here.

"Q. And thats the words that you used in leasing it to them? A. Yes, sir."

Martha C. Jones was not a party to the lease executed by her husband September 25, 1940. That lease was not extended. The tenants did not hold over under that lease. The evidence is sufficient to show there was a new oral lease entered into by Martha C. Jones and Sam Coon and E. O. Coon as found by the trial court. Mrs. O. B. Coon and C. T. Coon had nothing to do with it and therefore are not necessary parties to this action.

■ As heretofore reflected by the opinion the judgment was based on a stipulation of the parties. The record shows that a motion was filed by the defendants some seventeen days after the stipulation was entered into to vacate and withdraw the stipulation. On June 6, 1955 the trial court heard evidence on the motion to vacate the stipulation and the court denied the application and entered judgment in conformity with the stipulation. The defendants did not set up in their grounds for a new trial error of the court in refusing to grant the

motion to withdraw the stipulation and have not appealed therefrom.

The defendants are bound by their stipulation and judgment rendered pursuant thereto under the record in this case.

An examination of the record reflects that all necessary notices required by statute to be given by the landlord to the tenants of termination of tenancy, demand for possession and notice before suit were all duly and timely given.

The judgment of the trial court is affirmed.