Leroy Leslie NANONKA, Appellee,

v.

The Heirs, Executors, Administrators, Devisees, Trustees and Assigns, Immediate and Remote, both Known and Unknown of Alice Nanonka, formerly Alice Christie, Full-blood Cherokee Indian, Roll No. 21828, deceased. Sam HOSKINS and Neal Hoskins, Appellants,

and

Della Mae Smith, Charlotte Cooyama, and Lydia Smith, Intervenors.

No. 55396.

Supreme Court of Oklahoma.

April 13, 1982.

Bailey, Fry & Dobbs, Inc. by Steven Dobbs and William W. Bailey, Vinita, for appellee.

Jack E. Rider, Stilwell, for appellants.

HODGES, Justice.

Leroy Leslie Nanonka, appellee, instituted proceedings in the district court to judicially determine the heirship of Alice Nanonka, a full-blood Cherokee Indian, Roll No. 21828, and to quiet title to certain real property. Sam and Neal Hoskins, appel-

lants, filed an answer asserting that they were entitled as "uncles" of the decedent to be decreed the owners of an undivided ½ interest in the real property. The parties entered into a stipulation of the following facts:

1. Alice Nanonka, formerly Christie, Full-Blood Cherokee Indian, Roll Number 21828, died intestate and unmarried in the state of Arizona on or about the 4th day of April, 1977.

2. At the time of her death, she was the owner of the W ½ of the NE ¼ of Section 13, Township 25 North, Range 20 East in Craig County, Oklahoma.

3. Leroy Leslie Nanonka was adopted by Alice Nanonka by a Hopi Indian Tribal Court.

4. Sam Hoskins and Neal Hoskins are the uncles of the decedent.

5. The trial court has jurisdiction to determine the heirs of Alice Nanonka.

6. The only issue to be decided by the trial court is whether the real property belonging to Alice Nanonka, formerly Christie, at the time of her death was inherited by Leroy Leslie Nanonka or by her uncles, Sam Hoskins and Neal Hoskins.

Della Mae Smith, Charlotte Cooyama and Lydia Smith, cousins of decedent, intervened in support of Leroy Leslie Nanonka, asserting that he had always been recognized as the legally and lawfully adopted son of decedent. The intervenors argued that the "uncles" were not related by blood or marriage to the decedent and in the alternative that if the claim of appellee were denied, the cousins should be awarded the realty.

The cause was tried based on the stipulations of the parties and argument of coun-sel, and the trial court found that: 1) Alice Nanonka owned the property at the time of her death; 2) the property descended in accordance with the Oklahoma Statutes of descent and distribution; 3) Leroy Leslie Nanonka was adopted by a tribal decree which commands full faith and credit from the State of Oklahoma; 4) The federal statute, 25 U.S.C. § 1322, required recognition by the trial court of the adoption; and 5) Leroy Leslie Nanonka was the sole heir of Alice Nanonka.

## I

The "uncles" contend that: 25 U.S.C. § 375a precludes the recognition of the adoption as it relates to their right to inherit as next of kin; the stipulation does not cover this question, and the appellee failed to meet the burden of proof concerning his adoption. We do not agree. The adoption was established based on the stipulations of the parties. The uncles rely on the same stipulations to establish their relationship to decedent. It is curious that the uncles rely on the stipulations when it serves their interest and deny its encompassing validity when it does not.

Stipulations are agreements between counsel concerning business before the court and are favored as means to shorten, clarify or settle litigation. The Oklahoma Evidence Code, 12 O.S.Supp.1978 §§ 2302, 2303, provides that a presumption may be established by stipulation of the parties, and that the burden of persuasion rests on the party against whom the presumption operates.[1] A stipulation admitting or agreeing to certain facts for the purpose of trial is binding and conclusive on the parties during the progress of the trial and on appeal. If the cause is submitted

---

1. It is provided by 12 O.S.Supp.1978 §§ 2302, 2303(1) in pertinent part:

"§ 2302. Establishment of Basic Fact.—The basic fact of a presumption may be established in an action by the pleadings, or by stipulation of the parties, or by judicial notice, or by evidence."

"§ 2303. Effect of Presumptions in Civil Cases.—Except when otherwise provided by law, when the basic fact of a presumption has been established as provided in Section 302 of this Code:

"1. If the basic fact has any probative value of the existence of the presumed fact, the presumed fact shall be assumed to exist and the burden of persuading the trier of fact of the nonexistence of the presumed fact rests on the party against whom the presumption operates; ..."

for trial to the court upon an agreed statement of facts, only questions of law remain for the court's consideration.[2]

## II

■ The remaining issue is whether the adoption was binding on the courts of this state. The Oklahoma Uniform Adoption Act, 10 O.S.Supp.1971 § 60.16, confers rights of inheritance upon a legally adopted child. Full force and effect to tribal customs and ordinances is to be given in civil cases unless it is inconsistent with any applicable law of the state pursuant to 25 U.S.C. § 1322(c).[3] The uncles assert that 25 U.S.C. § 372a[4] is controlling and that it precludes recognition of appellee as the heir because the adoption is not in conformity with the statutory requirements. However, no argument is made that Alice Nanonka was not a full-blood Cherokee and, as such, a member of one of the five civilized tribes. The ultimate paragraph of § 372a specifically excludes the application of the statute to distribution of the estates of the five civilized tribes or the Osage tribe in Oklahoma.

We find that the tribal adoption is not offensive to nor inconsistent with any applicable civil law of the State of Oklahoma, and that it should be given full force and effect in determination of heirship.

The procedure for determination of heirship authorized by 25 U.S.C. § 375 is limited to the ascertainment of who were the heirs of deceased.[5] The power of the court to distribute property under its control and to determine heirship as an incident thereto is in theory, jurisdiction in rem over the property to be distributed. The purpose of the statute is to provide a tribunal which

2. *City of Lawton v. Lewis,* 566 P.2d 133, 134 (Okl.1977); *Yamie v. Willmott,* 184 Okl. 382, 88 P.2d 325 (1939); *McGaffey v. Mulky,* 115 Okl. 44, 241 P. 480, 481 (1925).

3. The force and effect of tribal customs is determined by 25 U.S.C. § 1322(c):
   "Any tribal ordinance or custom heretofore or hereafter adopted by an Indian tribe, band, or community in the exercise of any authority which it may possess shall, if not inconsistent with any applicable civil law of the State, be given full force and effect in the determination of civil causes of action pursuant to this section."

4. It is provided by 25 U.S.C. § 372a:
   "In probate matters under the exclusive jurisdiction of the Secretary of the Interior, no person shall be recognized as an heir of a deceased Indian by virtue of an adoption—
   "(1) Unless such adoption shall have been—
   (a) by a judgment or decree of a State court;
   (b) by a judgment or decree of an Indian court;
   (c) by a written adoption approved by the superintendent of the agency having jurisdiction over the tribe of which either the adopted child or the adoptive parent is a member, and duly recorded in a book kept by the superintendent for that purpose; or
   (d) by an adoption in accordance with a procedure established by the tribal authority, recognized by the Department of the Interior, of the tribe either of the adopted child or the adoptive parent, and duly recorded in a book kept by the tribe for that purpose; or

"(2) Unless such adoption shall have been recognized by the Department of the Interior prior to the effective date of this section or in the distribution of the estate of an Indian who has died prior to that date: *Provided,* That an adoption by Indian custom made prior to the effective date of this section may be made valid by recordation with the superintendent if both the adopted child and the adoptive parent are still living if the adoptive parent requests that the adoption be recorded, and if the adopted child is an adult and makes such a request or the superintendent on behalf of a minor child approves of the recordation.
   "*This section shall not apply with respect to the distribution of the estates of Indians of the Five Civilized Tribes or the Osage Tribe in the State of Oklahoma, or with respect to the distribution of estates of Indians who have died prior to the effective date of this section.*" (Emphasis supplied).

5. It is provided by 25 U.S.C. § 375 in pertinent part:
   "A determination of the question of fact as to who are the heirs of any deceased citizen allottee of the Five Civilized Tribes of Indians who may die or may have heretofore died, leaving restricted heirs, by the probate court of the State of Oklahoma having jurisdiction to settle the estate of said deceased, conducted in the manner provided by the laws of said State for the determination of heirship in closing up the estates of deceased persons, shall be conclusive of said question: ..."

can determine heirship as against the entire world.[6]

AFFIRMED.

All the Justices concur.

---

**6.** *In Re Morrison's Estate*, 187 Okl. 553, 104 P.2d 437, 440 (1940); *Hardridge v. Hardridge*, 168 Okl. 7, 31 P.2d 597 (1934).