Jerry GODBEY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–831.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1987.

Rehearing Denied Feb. 9, 1987.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Jerry Godbey, was convicted in the District Court of Bryan County, Case No. CRF–84–17, of Attempted Rape and Forcible Sodomy, for which he received sentences of fifty years' and twenty years' imprisonment, respectively. He raises five assignments of error.

Briefly stated, at some time during December, 1983, while babysitting with his seven-year-old stepdaughter, the appellant attempted to have intercourse with her, and at another time he forced her to commit oral sodomy upon him. On January 16, 1984, a social worker, upon a report to her from one of the victim's older sisters, conducted an interview with her using anatomical dolls to help her explain what had happened. After having her examined by a physician, the social worker referred the case to the district attorney. In her testimony at trial, the victim used the anatomical dolls to help her describe the incidents to the jury. The appellant denied the acts.

■ In his first assignment of error, the appellant alleges that the trial court abused its discretion in denying his motion for a change of venue. He claims that two articles in a Durant newspaper, one involving the disposition of a case of child molesting, and the other a report of President Reagan's signing of legislation concerning child pornography, denied the appellant his constitutional right to a fair trial. Granting a change of venue is discretionary with the trial court, and this Court will not reverse a ruling of the trial court denying a change of venue unless there had clearly been an abuse of this discretion. *Garcia v. State*, 501 P.2d 1128 (Okl.Cr.1972). Upon an examination of the record, we are unable to find any abuse of discretion on the part of the trial court. We note that the trial court gave defense counsel wide latitude in examining the prospective jurors, and yet there was no showing that the newspaper articles, which made no mention of the appellant or the upcoming trial, had any adverse effect upon his trial. This assignment of error has no merit.

■ For his second assignment of error the appellant contends that he was denied a fair trial because of the introduction of evidence of other crimes. We need only note that the record does not show any objection to the alleged other crimes evidence. The majority opinion in *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979), which the appellant cites, pointed out that the procedures established in that case to notify defendants of the intention of the prosecution to use other crimes evidence, did not relieve defense attorneys of the need to object to inadmissible evidence. Therefore these alleged errors are not preserved for review. The appellant further complains that the trial court failed to give a cautionary instruction as required in *Burks* when evidence is introduced of other crimes. The record reveals that the second paragraph of instruction number ten contains a cautionary instruction concerning other crimes and so this assignment of error is also without merit.

■ The appellant next alleges improper prosecutorial comments deprived him of a fair trial. We will address only those alleged errors which were properly preserved by the imposition of timely objections. *See Tucker v. State*, 620 P.2d 1314 (Okl.Cr.1980). Six of these comments were made during voir dire of the prospective jurors. The first remark included a possibly misleading statement concerning the burden of proof which the court clarified by giving an instruction to the jury. The second involved the statement that the State was alleging child molestation. Defense counsel objected that the charge was attempted rape and forcible sodomy, which the court sustained. The third remark was in the form of a question in which the prosecutor asked the prospective jurors if they believed that grown men sometimes seek sexual gratification from little children. The defense counsel argued that the

question was too general, irrelevant, argumentative and aimed at tainting and biasing the jury. The court sustained the objection but refused an admonition or a mistrial. The fourth question to which defense counsel objected was an attempt to ascertain by the State whether in a proper case, the prospective jurors would be able to assess an appropriate penalty for the type of crime charged. The objection was overruled. In the fifth instance the prosecutor referred to the complaining witness as a victim. During his objection, defense counsel aserted that the witness should be referred to as "alleged victim," which the trial court sustained. The final remark during voir dire which was preserved by an objection was "I guess the law in this case is going to ask you to do is try [sic] to come in with an open mind and listen to her and let her have the same chance to tell the truth as somebody else...." Defense counsel argued that the law demands and requires an open mind, and the court replied that defense counsel's statement was correct. We find that the trial court correctly ruled on each objection and that, where necessary, he correctly admonished the prospective jurors. None of these remarks were of such nature as to have determined the verdict, and any error was thus cured. *Jeffries v. State*, 679 P.2d 846 (Okl.Cr.1984). The only remark preserved by an objection which occurred after voir dire was during the questioning of a prosecution witness. After a question posed by the State, the defense attorney objected and during his argument stated, "This is all irrelevant and a waste of the Court's time," to which the prosecutor responded, "Well, Your Honor, I haven't been the only one that is wasting the Court's time...." Although we do not condone this remark, as a matter of law it does not rise to the level of prejudicial error either alone or in conjunction with the other alleged errors. *Maxville v. State*, 629 P.2d 1279 (Okl.Cr.1981).

The appellant's fourth assignment of error asserts that the trial court erred in denying the appellant's motion for a new trial. The testimony at the hearing on the motion revealed that two witnesses had overheard discussion from the victim's sisters as they allegedly plotted to obtain custody of the victim. Granting a new trial on newly discovered evidence is largely within the discretion of the trial court, and is not to be exercised except when there is reasonable probability that a different result would have been reached if the evidence had been introduced. Courts will not ordinarily grant new trials upon the ground of newly discovered evidence where the evidence sought to be introduced is cumulative, or for the purpose of impeachment. *Stoner v. State*, 568 P.2d 298 (Okl.Cr.1977). The theory that the victim had been coached by one of her older sisters who fabricated the allegations was presented during the trial. At the preliminary hearing the victim's mother testified that she was told this by the victim, a story which she subsequently recanted in an affidavit signed at the office of the district attorney, and verified in her testimony during the jury trial. The fifteen-year-old sister who was accused of fabricating the story was called by defense counsel, and she denied the accusation as did the victim. We therefore find that the trial court properly denied the motion as the evidence would have been cumulative of the testimony offered during the trial, and its purpose would have been to impeach the testimony of those three witnesses.

As his final assignment of error, the appellant maintains that the cumulative effect of the errors occurring at trial mandates a reversal. We have found no error justifying modification or reversal, and there is therefore no accumulation of error justifying reversal. As this Court held in *Haney v. State*, 503 P.2d 909 (Okl.Cr.1972), if previous errors are without merit then the propositions considered collectively would also be without merit.

The judgments and sentences are AFFIRMED.

BRETT, P.J., and PARKS, J., concur.