**John Stephen DELFRATE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–659.**

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, John Stephen Delfrate, was convicted of the crime of Escape While Awaiting Trial, After Former Conviction of Two or More Felonies in the District Court of Creek County, Case No. CRF–83–282 and was sentenced to twenty (20) years imprisonment, and he appeals. We reverse and remand for resentencing.

Briefly stated the facts are that on September 28, 1983, while awaiting trial on two (2) felony counts of armed robbery, appellant escaped from the Creek County Jail.

For his initial assignment of error appellant asserts that he should have been tried for the misdemeanor offense of breaking jail pursuant to 57 O.S.1981, § 56 rather than the offense for which he was convicted, a felony escape under 21 O.S.1981, § 443.

Title 57 O.S.1981, § 56 provides that:

If any person who may be imprisoned pursuant to a sentence of imprisonment in the county jail, or any person who shall be committed for the purpose of detaining him for trial, for any offense not capital, shall break prison and escape, he shall be punished by confinement in the county jail not exceeding one (1) year, or by a fine not exceeding One Thousand Dollars ($1,000.00), or by both.

Title 21 O.S.1981, § 443 provides that:
Any person having been imprisoned awaiting charges or prisoner awaiting trial or having been sentenced to confinement with the Department of Corrections who escapes from such confinement, either while actually confined therein, or while permitted to be at large as a trusty, or while awaiting transportation thereto, is punishable by imprisonment for a term of not less than one (1) year nor more than seven (7) years, however,

as escape by an inmate confined in any institution or facility operated by the Department of Corrections shall be punishable by imprisonment of not less than two (2) years or more than seven (7) years.

Clearly, both statutes apply to cases where an escape is effectuated from the county jail while a prisoner is awaiting trial. However, since 21 O.S.1981, § 443, which was amended in 1976,[1] is a much more recent enactment than 57 O.S.1981, § 56, the new statute will control as it is the later expression of the legislature. *See Smith v. State*, 626 P.2d 1357 (Okl.Cr. 1981). Insofar as Section 443 relates to a "prisoner awaiting trial" it repeals by implication the portion of Section 56 relating to an escape while awaiting trial. Therefore, we find that appellant was properly charged and convicted of felony escape pursuant to 21 O.S.1981, § 443. This assignment of error is without merit.

Appellant next contends that the trial court erred in sentencing him under the habitual offender statute. We agree with this contention.

This Court has consistently held that it is improper to charge after former conviction of a felony under the habitual criminal statute when charging an accused with the crime of escape since it is a necessary presumption that one incarcerated in a penal institution has been convicted of a felony. *Chester v. State*, 485 P.2d 1065 (Okl.Cr.1971); *Herrod v. State*, 512 P.2d 1401 (Okl.Cr.1973).

The State, relying on *Smith v. State*, 626 P.2d 1357 (Okl.Cr.1981), submits that since 21 O.S.1981, § 443 was amended in 1976 to include circumstances which do not presume a former felony such as awaiting trial or awaiting charges, there is not an automatic presumption of a felony under § 443; therefore, enhancement through the use of former convictions is appropriate. However, the State's argument if followed to its logical conclusion would lead to an unjust result. One could be charged under the habitual criminal statute for escaping from a county jail while awaiting trial or charges if he had a prior felony conviction(s), but an inmate in the penitentiary or county jail serving time for a felony conviction could not be charged under the habitual criminal statute based upon his prior felony conviction(s). In the first instance, for a person with two prior felony convictions the minimum sentence would be twenty (20) years imprisonment; whereas, in the second instance the maximum sentence would be seven (7) years. Therefore, since this result would be manifestly unjust, we reaffirm our holding that a felony conviction for escape cannot be enhanced under the provisions of the habitual criminal statute.

In his final assignment of error, appellant alleges that the evidence was insufficient to establish his prior felony convictions for enhancement under 21 O.S.1981, § 51. However, since we have held that appellant's sentence cannot be enhanced by the prior felony convictions, we need not consider this assignment.

For the above and foregoing reasons the judgment and sentence is REVERSED and REMANDED with instructions for the trial court to RESENTENCE appellant in a manner consistent with this opinion.

BRETT, P.J., and PARKS, J., concur.

---

1. Title 21 O.S.1981, § 443 was also amended on November 1, 1983; however, this version of the statute does not apply in the instant case in that appellant escaped on September 28, 1981.