**Thomas H. CAFFEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–603.**

Court of Criminal Appeals of Oklahoma.

July 14, 1987.

Gloyd McCoy, Asst. Appellate Public Defender, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Robert E. Kall, Legal Intern, for appellee.

BRETT, Presiding Judge:

Appellant, Thomas H. Caffey, was convicted for the offense of Escape From a Penal Institution in Atoka County District Court Case No. CRF–83–158, on March 7, 1984. He was sentenced to serve seven years in the custody of the Department of Corrections, with the provisions that the sentence run consecutively to the sentence for which appellant was in prison. He appeals.

On August 21, 1983, several inmates were missing from the Stringtown Correctional Center when the inmate count was accomplished. Appellant was among those missing. Appellant was apprehended in Hamilton, Ohio, on September 23, 1983. When he was returned to the Department of Corrections, certain administrative punishment was assessed appellant by the Prison Authorities. Appellant was serving an eighty-year sentence for Robbery With a Firearm, After Former Conviction of a Felony.

■ Appellant first asserts that he is being subjected to double punishment because of the disciplinary proceedings of the prison authorities and the district court for escape. Both this Court and the Court of Appeals, Tenth Circuit, has held that punishment resulting from both prison disciplinary proceedings and subsequent State court proceedings for escape does not violate the Fifth Amendment to the United States Constitution. *See United States v. Boomer*, 571 F.2d 543 (10th Cir.1978), and *Boyle v. State*, 569 P.2d 1026 (Okl.Cr.1977). This assignment of error is without merit.

■ Secondly, appellant asserts that the administrative punishment should mitigate the punishment to be assessed by the trial court. In *Owens v. State*, 665 P.2d 832 (Okl.Cr.1983), this Court disallowed a similar argument. Appellant cites *Wooten v. State*, 702 P.2d 59 (Okl.Cr.1985), in an effort to support his contention. *Wooten* is not applicable to the facts of this case. Appellant's second assignment of error is without merit.

■ Appellant next complains that he was denied a fair trial because of evidence of "Other Crimes." Appellant contends that the judgment and sentence for which appellant was incarcerated should not have been placed before the jury. In *Lenhart v. State*, 503 P.2d 918 (Okl.Cr.1972), this Court held that it is proper to place before the jury the reasons and grounds for which the appellant is legally incarcerated. *Lenhart* cites *Conway v. State*, 483 P.2d 350 (Okl.Cr.1971). The State did not introduce the prior convictions that form the After Former Conviction of Felonies to the Robbery With Firearms charge. Appellant attempts to assert ineffective counsel because the judgment and sentence that formed the basis for his confinement was not stipulated. We deny this contention, as well as the contentions made in this assignment of error. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Appellant in his last assignment of error asserts that the punishment is excessive. Seven years is the maximum sentence that the jury could impose. The sentence is within the limits set by statute, and this Court fails to find that it shocks the conscience of the Court. We therefore decline to modify the sentence imposed. *Johnson v. State*, 453 P.2d 335 (Okl.Cr. 1969), and *Lenhart v. State, Id.*

Now therefore, after considering the records and briefs on file in this appeal, this Court is of the opinion that the judgment and sentence should be, and the same is therefore, AFFIRMED.

BUSSEY and PARKS, JJ., concur.