Kirk Warren McBRAIN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–87–576.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1988.

Brian T. Hermanson, Ponca City, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Kirk Warren McBrain, appellant, was tried by jury for the crime of Escape in violation of 21 O.S.1981, § 443, in case No. CRF–87–43 in the District Court of Garfield County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at seven (7) years imprisonment. The trial court sentenced appellant in accordance with the jury's verdict. From this judgment and sentence, appellant appeals to this Court.

On January 1, 1985, Deputy M.H. Waltimeyer conducted a check on a prisoner of the Kay County Jail, Donald Honeycutt. After calling Honeycutt's name and receiving no response, another inmate informed Deputy Waltimeyer that Honeycutt and two other men, including the appellant, were not there. Deputy Waltimeyer immediately alerted the sheriff. A subsequent investigation revealed that the three men had cut a hole through the back wall of the cell. Discarded clothing, rope and a ladder were discovered outside the jail.

The original trial in this case was held on January 20, 1987. However, during voir

dire certain statements were made by potential jurors which led the trial court to grant a motion for mistrial and order a change of venue to Garfield County. The new trial began in Garfield County on February 2, 1987.

In his first assignment of error, the appellant claims that the trial court erred in allowing the State to present evidence as to the specific criminal charges for which the appellant was incarcerated at the time of his escape.

■ Prior to the beginning of the first trial on January 20, 1987, the appellant and the State entered into a stipulation, upon which the trial court accepted, on the fact that the appellant was properly being held and awaiting trial on felony charges and that no bond had been posted. The stipulation was used to avoid informing the jury of the specific charges for which the appellant was being held. However, at the trial on February 2, 1987, the prosecution informed the appellant that it refused to abide by the previous stipulation. After numerous hearings, the trial court refused to force the prior stipulation upon the State. Appellant asserts that the State was bound by its prior stipulation.

Appellant cites *Nanonka v. Hoskins,* 645 P.2d 507, 508 (Okla.1982), for the rule that a stipulation admitting or agreeing to certain facts for the purpose of trial is binding and conclusive on the parties during the progress of the trial and on appeal. However, appellant has cited no authority for his proposition that a stipulation is binding upon the parties at a second trial, after the first trial ended in a mistrial. After a review of the record, we find no error in the trial court permitting the State to withdraw from the stipulation entered into at the first trial.

■ Appellant next argues that even if the stipulation could have been withdrawn, that pursuant to 12 O.S.1981, § 2403, the prejudicial nature of the specific charges outweighed their relevance. We disagree. In a prosecution for escape from a penal institution, it is proper to place before the jury the reasons and grounds for which the appellant is legally incarcerated. *Caffey v.*

*State,* 739 P.2d 546, 547 (Okla.Crim.App. 1987). We find that the relevance of the grounds for which the appellant was incarcerated outweighed any prejudicial effect.

■ Finally, appellant claims prejudice due to the trial court's failure to grant his motion for a continuance in order that he might subpoena witnesses, after holding that there was no stipulation. A motion for continuance is directed to the sound discretion of the trial judge. *Goodwin v. State,* 730 P.2d 1202, 1204 (Okla.Crim.App. 1986). Although appellant asserts that he would have subpoenaed witnesses to rebut the evidence, the record is bare as to what witnesses appellant would have called or what their testimony would have been. To have properly preserved any error, appellant should have made an offer of proof to reveal the substance of the evidence he desired to present. Without such offer, we cannot determine if the alleged error has adversely affected a substantial right of the appellant. *See* 12 O.S.1981, § 2104(A)(2). Error, if any, has been waived.

The original information in this case had shown that the appellant, at the time of his escape, was incarcerated while awaiting trial on three felony cases. The first case included one count of kidnapping, two counts of First Degree Rape, one count of Sodomy and one count of Crime against Nature. The second case included one count of Kidnapping for Purposes of Extortion and one count of First Degree Murder. While reading the information to the jury, the State changed the third case, listed as CRF-83-206, application to Revoke Suspended Sentence for the crime of Malicious Injury to Property, to reflect that the charge was a misdemeanor. Counsel for appellant then interposed an objection as to the misdemeanor charge being read to the jury.

■ Relying on 21 O.S.1981, § 443, appellant asserts that the trial court erred in admitting evidence of his pending misdemeanor charge. Title 21 O.S.1981, § 443(A) states:

"Any person having been imprisoned in a county or city jail awaiting charges on a felony offense or prisoner awaiting trial or having been sentenced on a felony charge to confinement with the Department of Corrections who escapes from a county or city jail, either while actually confined therein, while permitted to be at large as a trusty, or while awaiting transportation to a Department of Corrections facility for execution of sentence is punishable by imprisonment of not less than one (1) year nor more than seven (7) years."

Appellant contends that the statute speaks only to felonies and that it is not illegal for a person charged with a misdemeanor to escape from custody under this statute. The State responds that Section 443 provides three separate situations in which a defendant could be charged with escape from a penal institution:

1. any person having been imprisoned in a county or city jail awaiting charges on a felony offense, *or*
2. a prisoner awaiting trial, *or*
3. a prisoner having been sentenced on a felony charge to confinement with the Department of Corrections.

The State asserts that by omitting the term "felony" from the second clause, the legislature intended for this clause to apply to individuals who escape while awaiting trial on either felony or misdemeanor charges.

Where the language of a statute is plain and unambiguous and the meaning clear and unmistakable, there is no room for construction, and no justification exists for interpretative devices to fabricate a different meaning. *Anschutz Corporation v. Sanders*, 734 P.2d 1290, 1292 (Okl.1987). After careful review of the statute, we find the State's construction of Section 443 to be closer to the legislature's probable intent. The Legislature distinctly used the term "felony" in clauses one and three. Its omittance from the second clause surely indicates the legislature's intent for the clause to apply to both felony and misdemeanor charges. Appellant's contention that an individual who escapes from confinement, while being held on a misdemean-

or charge, is not guilty of any crime is implausible. *See Delfrate v. State*, 732 P.2d 900, 902 (Okla.Crim.App.1987). We find no error.

■ In his third assignment of error, appellant alleges that the trial court erred in allowing Raven Callshim, Kay County Deputy Court Clerk, to testify although not endorsed as a witness. The State had listed Glenda Coussens, Kay County Court Clerk, as a witness. At the preliminary hearing, Ms. Coussens testified as to the specific charges for which the appellant was being incarcerated at the time of his escape. At trial, Ms. Callshim testified concerning the same information. The record does not reveal why Ms. Coussens was not called to testify.

We have reviewed the record, but fail to see how Ms. Callshim's testimony prejudiced the appellant. If the opposing party is surprised or needs more time to prepare and meet the additional testimony, that party has the responsibility to move for a postponement or continuance in which to establish the need for additional time and anticipated new evidence. Failure to do so constitutes a waiver of any error. *Fisher v. State*, 668 P.2d 1152, 1155 (Okla.Crim.App.1983). Appellant did not ask for a continuance nor has he shown any surprise or prejudice. Ms. Callshim's testimony presented nothing new or additional from the evidence presented at the preliminary hearing by Ms. Coussens. We find no error.

■ At trial, Ms. Callshim testified that court records reflected that appellant was not present at a preliminary hearing on January 9, 1985, but was present in court on September 30, 1985. Appellant contends that the length of time that a person is at large is not an issue in an escape case. Appellant further complains of Ms. Callshim's testimony concerning the court minutes of the two felonies and misdemeanor with which the appellant was charged. The record reveals that Ms. Callshim testified to the court dates and status of bond concerning each case.

Relevancy of evidence is within the discretion of the trial court, and its decision

will not be disturbed without a showing by the appellant that he was prejudiced. *Fitchen v. State*, 738 P.2d 177, 180 (Okla. Crim.App.1987). While we agree with appellant that such evidence is not relevant, we fail to see any prejudice. There was no testimony as to appellant's actions or conduct during the nine months. We find no error warranting reversal or modification.

 Appellant next alleges that the trial court erred in denying his motion for change of venue from Garfield County. The granting of a change of venue is within the sound discretion of the trial court and such decision will be reversed only if that discretion is abused. *Godbey v. State*, 731 P.2d 986, 987 (Okla.Crim.App.1987). Upon examination of the record, we are unable to find any abuse of discretion. Fifty-six potential jurors were called and individual voir dire was conducted solely as to pre-trial publicity. After extensive voir dire, nineteen potential jurors indicated being influenced by the media and were excused. A defendant is not entitled to a jury which is unacquainted with the facts of his or her case. *Brecheen v. State*, 732 P.2d 889, 893 (Okla.Crim.App.1987), *cert. denied*, — U.S. —, 108 S.Ct. 1085, 99 L.Ed.2d 244 (1988). The jurors who served on appellant's jury stated that they could fairly and impartially decide the case based on the evidence presented at trial. We find that the trial court provided adequate safeguards for the jury process, and the need for a change of venue was not established.

 In his last assignment of error, appellant asserts that the punishment is excessive. Seven years is the maximum sentence that the jury could impose. The sentence is within the limits set by statute, and we fail to find that it shocks the conscience of the Court. We therefore decline to modify the sentence imposed. *Caffey v. State*, 739 P.2d 546, 547 (Okla.Crim.App.1987).

For the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in part and dissents in part.

PARKS, Judge, concurring in part and dissenting in part:

I agree in the affirmance of appellant's conviction but would modify his sentence due the State's renunciation of the stipulation and the prejudicial effect of the introduction of the specific charges for which appellant was being held.

The general rule with regard to the use and effect of a stipulation in a subsequent trial is that it is a binding agreement between the parties. *See, e.g., United States v. Marino*, 617 F.2d 76, 82 (5th Cir.1980), *cert. denied*, 449 U.S. 1915, 100 S.Ct. 575, 66 L.Ed.2d 474 (1980); *Kilfoyle v. Heyison*, 417 F.Supp. 239 (W.D.Penn.1976); *Sevigny v. City of Biddeford*, 344 A.2d 34, 39 (Maine 1975); *Gunn Plumbing, Inc. v. Dania Bank*, 252 So.2d 1, 4 (Fla.1971); *Shore v. Denver Bldg. & Constr. Trades Council*, 128 Colo. 424, 263 P.2d 315 (1953); *Higgins v. Guerin*, 74 Ariz. 187, 245 P.2d 956 (1952); *Gonzales v. Pac. Greyhound Lines*, 34 Cal.2d 749, 214 P.2d 809 (1950). Although this Court has never directly addressed the question, the Oklahoma Supreme Court, in *Atlas Life Insurance Co. v. Unger*, 198 Okl. 234, 177 P.2d 98, 102 (1947) indicated its intent to follow the general rule by stating that if a stipulation does not, on its face, limit its use to a single trial, it is admissible in a subsequent trial.

Once a stipulation is made, it cannot be disregarded or set aside at will. *Lyles v. American Hoist & Derrick Co.*, 614 F.2d 691 (10th Cir.1980). Instead, it is binding on the parties during the process of litigation. *See Nanonka v. Hoskins*, 645 P.2d 507, 508 (Okla.1982); *Higgins v. Guerin*, 245 P.2d at 957–58. The withdrawal of a stipulation is not permitted without the consent of the opposing party, "except by leave of court upon cause shown," because it is tantamount to a contract between the parties. *McFarling v. Demco, Inc.*, 546 P.2d 625, 630 (Okla.1976), citing *Coon v. Jones*, 303 P.2d 425 (Okla.1956).

In the present case, it is undisputed that appellant and the State entered into a stipulation during the first trial regarding the

fact that appellant was being held and awaiting trial on felony charges. At the subsequent trial, the State refused to abide by its prior stipulation. After a review of the record, it is clear that the trial judge, in allowing the State to breach its earlier agreement as to the stipulation, failed to follow the rule in *McFarling* which required that some cause, such as fraud, be shown for the withdrawal of the stipulation. *Id.* at 630. Thus, it was error to allow the State to withdraw its prior stipulation.

Even assuming arguendo that the stipulation could have been withdrawn, the State was still prohibited from introducing the nature of the specific charges against appellant as they were highly prejudicial and of low probative value. Appellant was awaiting trial on charges of kidnapping, rape, sodomy, attempted perjury and first degree murder. The nature of the specific charges was not probative of any element of the crime of escape. *See* 21 O.S.1981, § 443. Furthermore, it was highly prejudicial as it put before the jury the many violent crimes with which appellant was charged. Although in some instances it may be permissible to place before the jury the reasons for a defendant incarceration, *see Caffey v. State*, 739 P.2d 546, 547 (Okla.Crim.App.1987), it is incumbent upon the trial court to make a determination of its probative value and prejudicial effect under 12 O.S.1981, § 2403. In the instant case, the evidence regarding the nature of the charges were totally unnecessary to prove the State's case, but were highly inflammatory and prejudicial to appellant. *See Stewart v. State*, 757 P.2d 388, 395 (Okla.Crim.App.1988). Accordingly, it was error for the trial court to admit this information into evidence.