FILED

**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GERALD LAMAR FRYAR,

    Petitioner - Appellant,

v.

THOMAS C. PETERSON, Warden,

    Respondent - Appellee.

No. 07-6175

(W. D. Oklahoma)

(D.C. No. 07-CV-140-F)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

    Gerald L. Fryar is an inmate in the custody of the Oklahoma Department of Corrections, where he is serving a ten-year sentence for escape. He requests a certificate of appealability (COA) to challenge the denial by the United States District Court for the Western District of Oklahoma of his application for relief under 28 U.S.C. § 2254. Because Mr. Fryar has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), we decline to issue a COA.

    Mr. Fryar argued in district court that enhancing his sentence under Oklahoma's habitual-offender statute was improper for crimes of escape. The government responded that Mr. Fryar had failed to exhaust his state-court remedies on this issue, as he had not raised it before the Oklahoma Court of

Criminal Appeals. Mr. Fryar countered that ineffective assistance of counsel prevented him from raising the issue. The court declined to dispose of the matter on exhaustion grounds and concluded that the enhancement to Mr. Fryar's sentence was permissible under Oklahoma law. The court construed Mr. Fryar's application as also challenging his sentence as cruel and unusual but found the sentence to be authorized by Oklahoma law and not so grossly disproportionate to the crime as to violate the Eighth Amendment.

In his application for a COA, Mr. Fryar again challenges the habitual-offender enhancement of his sentence. He also claims that his counsel was ineffective for failing to object to the use of the habitual-offender enhancement, and he raises a new claim of ineffective assistance of counsel, based on his attorney's alleged failure to object to the introduction of his criminal history at trial. He does not make any Eighth Amendment argument.

We lack jurisdiction under § 2254 to consider Mr. Fryar's claim that the habitual-offender enhancement was improper. Our review is limited to "violation[s] of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and this claim is rooted in Oklahoma state law.

We may, however, consider a claim that counsel was ineffective under the federal constitution for failing to raise a state-law issue. Mr. Fryar claims that his counsel was ineffective for failing to object to the habitual-offender enhancement. In district court he did not raise this alleged ineffectiveness as an independent

claim, but only to overcome the apparent procedural bar preventing consideration of his sentencing claim. Nonetheless, even if Mr. Fryar had raised the ineffective-assistance claim independently, doing so would have been futile because he cannot show either deficient representation or prejudice, both of which are required by *Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Fryar cannot make these showings because it is clear that the enhancement to his sentence was proper under Oklahoma law. The Oklahoma statute addressing penalties for escape from the custody of the Department of Corrections, Okla. Stat. Ann. tit. 21, § 443(D), provides that "if the individual who escapes has felony convictions for offenses other than the offense for which the person was serving imprisonment at the time of the escape, those previous felony convictions may be used for enhancement of punishment." At trial Mr. Fryar admitted three prior felony convictions distinct from the one for which he was in custody at the time of his escape. He was therefore eligible for a habitual-offender sentence enhancement.

Two cases that Mr. Fryar cites to the contrary—*Chester v. State*, 485 P.2d 1065 (Okla. Crim. App. 1971), and *Delfrate v. State*, 732 P.2d 900 (Okla. Crim. App. 1987)—are not instructive on this point because they have been superseded by the 1988 statutory amendment adding subsection D to Section 443. *See* 1988 Okla. Sess. Law Serv. 109, § 23. The Oklahoma Court of Criminal Appeals recognized the effect of this amendment in *Snyder v. State*, 806 P.2d 652, 654

-3-

(Okla. Crim. App. 1989). The third case that Mr. Fryar cites, *McBrain v. State*, 764 P.2d 905 (Okla. Crim. App. 1988), is irrelevant. Although the court in *McBrain* did state that the maximum sentence for escape was seven years, *id.* at 909, it did not consider habitual-offender enhancements.

Mr. Fryar's second claim of ineffective assistance of counsel, his attorney's alleged failure to object to the introduction of his criminal history at trial, was not presented to the district court. As a general rule, this court will not consider an issue not raised below. *See Walker v. Mather* (*In re Walker*), 959 F.2d 894, 896 (10th Cir. 1992).

Mr. Fryar has not made a substantial showing of the denial of a constitutional right, because "reasonable jurists" could not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore DENY his application for a COA. His request to proceed *in forma pauperis* is GRANTED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge