OSCN Found Document:ACOSTA v. STATE

 

 
 ACOSTA v. STATE2026 OK CR 9Case Number: PC-2024-942Decided: 02/24/2026Mandate Issued: 02/24/2026THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2026 OK CR 9, __ P.3d __

 
 

VICTOR DON ACOSTA, Petitioner,
v.
THE STATE OF OKLAHOMA, Respondent.

ORDER AFFIRMING DENIAL OF
POST-CONVICTION RELIEF

¶1 Petitioner, through counsel, appeals the order of the District Court of Oklahoma County denying his application for post-conviction relief in Case No. CF-2019-1712. In November 2021, a jury convicted Petitioner of Robbery with a Firearm and Aggravated Assault and Battery. He was sentenced to terms of imprisonment totaling thirty years. The conviction and sentence were affirmed on direct appeal. See Acosta v. State, No. F-2021-1434 (Okl.Cr. February 9, 2023) (not for publication).

¶2 On May 9, 2024, Petitioner filed his first application for post-conviction relief with the Oklahoma County District Court. Petitioner alleged ineffective assistance of trial counsel and appellate counsel on direct appeal. On October 1, 2024, the District Court denied Petitioner's application for post-conviction relief stating (1) Petitioner's claims of ineffective assistance of trial and appellate counsel were barred by res judicata and waiver 22 O.S.Supp.2022, § 1080.1

¶3 Petitioner argues that "finality" and the "conclusion of direct review" include the ninety days a litigant has to petition the Supreme Court under Sup. Ct. R. 13(1). Petitioner points to 28 U.S.C. § 2244(d)(1)(2023) and reasons that Section 1080.1(A)(1) appears to be modeled on this federal statute, which establishes a one-year and ninety day statute of limitations for filing a federal habeas petition attacking a state judgment. Therefore, Petitioner contends he had one year and ninety days to apply for post-conviction relief. February 9, 2023, plus ninety days would mean Petitioners' judgment and sentence did not become final until May 10, 2024, making his filing timely. We disagree.

¶4 Title 22, Section 1080.1(A)(1) states:

A. A one-year period of limitation shall apply to the filing of any application for post-conviction relief, whether an original application or a subsequent application. The limitation period shall run from the latest of:

1. The date on which the judgment of conviction or revocation of suspended sentence became final by the conclusion of the direct review by the Oklahoma Court of Criminal Appeals or the expiration of the time for seeking such review by the Oklahoma Court of Criminal Appeals.

Section 1080.1 appears to be modeled after 28 U.S.C. § 2244(d)(1) (2023), which provides a limitations period for filing a petition for a writ of habeas corpus in federal courts. The language employed in both statutes is similar but not identical. However, this Court need not consider the similarities between the two statutes because the plain language in Section 1080.1(A)(1) indicates the clear intent of the Legislature, that for purposes of imposing the one-year statute of limitation, a state judgment and sentence is considered final upon the conclusion of direct review by this Court.

¶5 This Court construes statutes according to the plain and ordinary meaning of their language. Newlin v. State, 2015 OK CR 7348 P.3d 209Barnard v. State, 2005 OK CR 13119 P.3d 203McBrain v. State, 1988 OK CR 261764 P.2d 905Johnson v. State, 2013 OK CR 12308 P.3d 1053See also State v. Farthing, 2014 OK CR 4328 P.3d 1208

¶6 Had the legislature intended the ninety days for certiorari review to be included in addition to the time for review by this Court, they could have done so. They did not. Therefore, Petitioner's application for post-conviction relief was untimely.

¶7 Accordingly, the District Court's order denying Petitioner's application for post-conviction relief is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2026), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

¶8 IT IS SO ORDERED.

¶9 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this __24th___ day of __February__________________, 2026.

/s___________________________________________________

GARY L. LUMPKIN, Presiding Judge

/s___________________________________________________

WILLIAM J. MUSSEMAN, Vice Presiding Judge

/s___________________________________________________

DAVID B. LEWIS, Judge

/s___________________________________________________

ROBERT L. HUDSON, Judge

/s___________________________________________________

SCOTT ROWLAND, Judge

ATTEST:

/s_____________________

Clerk

FOOTNOTES

See Logan v. State, 2013 OK CR 2293 P.2d 969

LEWIS, SPECIALLY CONCURRING:

¶1 I concur that the Legislature's specific choice of language unmistakably shows its intent to alter, for purposes of obtaining post-conviction review, the prevailing definition of when a conviction becomes final for other purposes, such as the retroactivity of new rules of criminal procedure and the limitations period for filing a federal petition for habeas corpus. See State ex rel. Matloff v. Wallace, 2021 OK CR 21497 P.3d 686

¶2 In so doing, the Legislature may have sought to avoid the result that befell the Government's very similar argument in Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001), where the Court of Appeals rejected the view that direct review "only means review within the state court system; review by the United States Supreme Court is not counted," and instead rather clearly adopted the view of finality that seems to prevail for retroactivity and habeas corpus purposes to this day. Cf. Johnson v. Rankins, Case No. 25-CV-004-RAW-DES (E.D. Okla. December 16, 2025) (applying the finality definition of Locke v. Saffle to recent habeas petition). Because there is no constitutional right infringed by this time-based limitation on the right to seek post-conviction relief, the Court is bound to enforce the statute's atypical definition of finality for this specific purpose. See, e.g., 22 O.S.Supp.2022, § 1089

¶3 Where a statutory limitations period of this kind bars consideration of an untimely post-conviction application, unless some recognized exception appears to the satisfaction of the court, the proper order is to dismiss the post-conviction application as time-barred rather than confuse matters by also ruling on the merits of the underlying claims for post-conviction relief, as the court appears to have done here. Because a timely application is ordinarily a condition precedent to obtaining review of a post-conviction claim on the merits, the reviewing court should be clear about the procedural or merits basis of its dispositional order.